PEOPLE ex rel. BROWN v. KELLER et al. (Hicks, Intervener).

(Supreme Court, Appellate Division, Second Department. November 19, 1915.)

1. ELECTIONS ☞221—BALLOTS—METHOD OF VOTING—VALIDITY.
   Where a voter took his general ballot, after having marked it, and sealed it, with the enrollment blank, in an envelope, handing it to the judges, his vote was never cast, and is void, under Election Law (Consol. Laws, c. 17) § 359, requiring that in voting the voter shall hand his ballot, with the stub visible, to the inspectors of the election, since all of the requirements of the law must be sufficiently complied with.
   [Ed. Note.—For other cases, see Elections, Cent. Dig. § 191; Dec. Dig. ☞221.]

2. ELECTIONS ☞194—BALLOTS—METHOD OF VOTING—VALIDITY.
   A ballot, which, after being marked, is inclosed in an envelope, along with an enrollment slip, is void under Election Law (Consol. Laws, c. 17) § 358, as amended by Laws 1913, c. 821, providing that if .a voter shall do any act extrinsic to the ballot itself, such as inclosing any paper or other article in the folded ballot, such ballot shall be void, for placing the ballot in a sealed envelope identifies it.
   [Ed. Note.—For other cases, see Elections, Cent. Dig. §§ 166, 167; Dec. Dig. ☞194.]

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Special Term, Kings County.

Mandamus by the People, on the relation of Lathrop Brown, against William H. Keller and others, in which Frederick C. Hicks intervenes. From an order denying writ, relator appeals. Affirmed.

Argued before JENKS, P. J., and CARR, STAPLETON, MILLS, and PUTNAM, JJ.

Percy L. Housel, of Riverhead (Bertram Gardner, of Garden City, on the brief), for appellant.

Leander B. Faber, of Jamaica (Joseph M. Belford, of Riverhead, on the brief), for intervener.

MILLS, J. At the last general election, November 3, 1914, the relator, Brown, and the intervener, Hicks, were rival candidates of the two major parties for the office of Representative in Congress for the First congressional district of this state, which includes Nassau county as a part thereof; Brown being the candidate of the Democratic party, and Hicks that of the Republican. The result of the election between them was very close, so much so that, according to the recent decision of the Court of Appeals in the matter of reviewing and counting certain alleged void ballots, Mr. Hicks appears to have been elected, but by a very narrow majority; the exact number not being stated in this record. This is an appeal taken by the relator, Mr. Brown, from an order made at Special Term of this court in Kings county August 19, 1915, denying relator's motion for a writ of mandamus to compel the board of inspectors of the Thirty-Fifth election district of the town of Hempstead, Nassau county, to reconvene and to proceed to count and canvass the official ballots alleged to have been cast at said election by William Tepe, Jr., a duly qualified elector in and of said district. The motion was made upon a verified petition of the relator and several supporting affidavits, and opposed by an affidavit by the said Hicks, who was permitted to intervene. The learned justice at Special Term made and filed an opinion giving the grounds of his decision.

It appears by the record that the material facts are undisputed. They present an admittedly novel situation, neither counsel having been able to find any like case. Those facts are the following: At said election, within the proper hours, while the polls of said district were duly open, William Tepe, Jr., a duly qualified elector therein, presented himself to the board of inspectors at the regular polling place and manifested to them his desire to vote. Thereupon, the various preliminary formalities having been observed, to and including the delivery to him of the three official ballots, namely, one for state and county offices, one for delegates to the constitutional convention, and one of a question submitted, and at the same time the election officers having delivered to him an enrollment blank and envelope, he retired with the several papers to one of the booths and duly marked the said ballots, the general one so as to vote for the relator, and also duly marked and signed the enrollment blank, and placed the three ballots, stubs and all, and the blank, within the envelope and sealed it, with all of them in it. Thereupon he came out of such booth and

delivered the sealed envelope to one of the inspectors and departed from the polling place. The said inspector thereupon deposited the envelope in the enrollment box; and apparently none of the election officers, watchers, or other persons present noticed that Tepe had not delivered back or accounted for the ballots which had been given him. Upon the regular canvass, after the closing of the polls, it was noticed that one set of official ballots was not accounted for; and the election officers, after consulting the watchers present, accounted for the same by entering it in the proper returns as one ballot canceled before delivery to voter. Upon the following day the board of inspectors delivered the enrollment box containing said sealed envelope, unopened, to the custodian of primary records, who opened said box first on the 7th of January following, and thereupon opened the said envelope and found therein the said official ballots marked as aforesaid, and also the said enrollment blank, and thereafter returned the said ballots to said envelope and placed the same in the safe in the office, where it still remains. Some weeks later, after the decision of the Court of Appeals above referred to, the relator instituted this proceeding.

The learned counsel for the relator, the appellant, contends that this unfortunate situation is due to two errors of the election inspectors, namely: (1) In giving to Tepe the enrollment blank and envelope at the same time with the official ballots, instead of giving the blank and envelope to him after he had actually voted the ballots, as section 9 of the Election Law (inserted by Laws 1911, c. 891, § 10) required, which section was applicable to said district; and (2) in permitting him to leave the voting place without delivering back to the inspector the official ballots with the stubs thereof visible, or accounting for the same, as required by section 359 of the Election Law; and that therefore the ballot should not be held invalid by reason of the error or mistake of the inspectors. The learned justice at Special Term appears by his opinion to have denied the motion for a writ of mandamus upon the ground that the voter's act, in presenting his ballot sealed in an envelope, in effect made it a ballot marked for identification, and therefore void, and that it would be void, even if the sealed envelope had been by the inspectors deposited in one of the official ballot boxes.

[1] Upon reflection I quite agree with the justice at Special Term in the result reached by him, and think that the motion was there properly denied; but it seems to me that the true ground for denying it is that the ballot was never voted. To my mind, an essential and vital part of the act of voting is the final delivery to the inspector by the voter of his ballot, with the stub visible as required by section 359 of the Election Law. Under that law it is essential that all of its substantial requirements as to the method of voting be complied with. People ex rel. Nichols v. Board of Canvassers, 129 N. Y. 395, 29 N. E. 327, 14 L. R. A. 624; People ex rel. Feeny v. Board of Canvassers, 156 N. Y. 36, at 45, 50 N. E. 425.

[2] Moreover, I think that, if it could be held that the ballot here was substantially voted, it would have to be held that it was so voted

as to make it void under this provision of section 358 of the Election Law, viz.:

"If a voter shall do any act extrinsic to the ballot itself, such as inclosing any paper or other article in the folded ballot, such ballot shall be void."

As to this point, the learned counsel for the appellant contends that the provision is limited to an act of "inclosing any paper or other article *in* the folded ballot." I do not think that the provision should be construed as so limited. The words are "such as," and they do not appear to me to so exactly limit the general words, viz. "do any act extrinsic to the ballot itself." I think that the true meaning is that the voter must not do any act extrinsic to the ballot which will have the effect to identify the same, as, for instance, the putting of a paper or other article within the folded ballot would. Obviously the putting of the ballot in a sealed envelope would have at least an equally identifying effect, if not more so.

It is manifest, of course, that the ballot here could not have been canvassed upon election night, as the law directs the general canvass to be made, or later by any proceedings under section 381 of the Election Law to review and recanvass void or protested ballots.

I advise, therefore, that the order appealed from be affirmed, with $10 costs and disbursements to the intervener, Hicks, against the relator. All concur.