■ In the Matter of GERALD H. ULLMAN, Appellant, v. JAMES M. POWER et al., Constituting the Board of Elections of the City of New York and WILLIAM F. PASSANNANTE et al., Respondents.— Order, entered October 3, 1962, denying the application and dismissing the petition instituted by the successful primary candidate for Assembly on the Republican line to direct the Board of Elections pursuant to section 274 of the Election Law to conduct a complete recanvass of the votes cast in the First Assembly District, New York County, as to the primary election held on September 6, 1962 for the nomination by the Liberal party of its candidate for said office or, in the alternative, to direct said Board of Elections pursuant to the provisions of subdivision 4 of section 330 of the Election Law to make a limited recanvass of the protested, wholly blank or void ballots shown upon the statement of the canvass of the votes cast in said election, unanimously affirmed, without costs. We hold that section 274 of the Election Law does not authorize an automatic recanvass of ballots in respect of a primary election conducted with paper ballots; it expressly applies solely to an election conducted with machines, and by amendment extends the automatic recanvass to include absentee ballots, which are not the subject of this application. (*Matter of O'Shaughnessy* v. *Monroe County Bd. of Elections,* 15 A D 2d 183, 185.) The proceeding was untimely under subdivision 4 of section 330 of the Election Law. Respondent Passannante, the successful candidate in the primary for Assembly in the Liberal primary, is a necessary party and was required to be served with notice of this application within the time limited by the above subdivision since he is vitally interested in the proceeding in that it is sought therein to adjudicate and determine his rights as the successful candidate in the primary. (*Matter of Walker,* 50 N. Y. S. 2d 277 [FROESSEL, J.] and cases cited therein.) Sections 192 and 193 of the Civil Practice Act do not serve to extend the time limited by the Election Law for the commencement of this proceeding. (*Matter of Suthergreen* v. *Westall,* 6 A D 2d 1014.) Appellant is granted leave to appeal to the Court of Appeals. Concur — Botein, P. J., Valente and McNally, JJ.; Breitel and Eager, JJ., concur in the following memorandum: We agree that section 274 of the Election Law should not be applied in support of this proceeding. Otherwise we concur in the result solely by reason of having concluded that *Matter of Suthergreen* v. *Westall* (6 A D 2d 1014) constitutes a general holding that where a proceeding brought under section 330 of the Election Law is required to be instituted within a particular time, the failure to join an indispensable party by service of papers upon him before that time is a noncurable defect. On the other hand, if this were an open question, then, so far as a proceeding under subdivision 4 of said section 330 is concerned, we would hold that the provisions that the proceeding must be " instituted " within 20 days of the

election meant that it was required to be instituted solely against the Board of Canvassers within such 20-day period. A reasonable reading of said subdivision 4 leads to such construction. Then we would hold that the proceeding here having been timely instituted, it should not be defeated by a nonjoinder of the respondent (see Civ. Prac. Act, §§ 192, 193); that the proceeding should be remanded for the bringing in by proper service of such respondent as a party to this proceeding; and that then the same should be disposed of on the merits. Accordingly, we agree in the result only. Motion to dispense with printing granted.