## (December 20, 1963)

■ In the Matter of STANLEY M. PAVLIC, Appellant, v. JOSEPH A. HALEY et al., Constituting the Board of Elections of the County of Schenectady, et al., Respondents.— Order affirmed, without costs, on the sole ground that the marks outside the voting square rendered the whole ballot void (Election Law, § 212; *Matter of Smith* v. *Briggs,* 286 N. Y. 714). Permission to appeal to the Court of Appeals granted, if appellant be so advised. Bergan, P. J., Gibson, Herlihy and Taylor, JJ., concur. [40 Misc 2d 975.]

■ In the Matter of the Claim of JOHN RAFTI, Respondent, v. MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its carrier from a disability award contending that the accidental injury did not arise out of or in the course of his employment. The sponsorship by the employer of the employees' baseball team was sufficient in scope and depth to bring the case within *Matter of Tedesco* v. *General Elec. Co.* (305 N. Y. 544) and to distinguish it sufficiently from *Matter of Wilson* v. *General Motors Corp.* (298 N. Y. 468) to justify affirming the award. Employer is a Wall Street broker. The team was in the Wall Street league and the employer paid the league dues for the team from which the expenses and cash awards to players were paid. The employer paid for the uniforms which proclaimed employer's identifying initials. Recruitment was pursued on company time and sometimes employees were excused early to take part in games. Notices relative to games were posted on the employer's bulletin board. Other employees were spectators. Award affirmed, with costs, to the Workmen's Compensation Board. Bergan, P. J., Gibson and Herlihy, JJ., concur; Taylor, J., dissents, in a memorandum, in which Reynolds, J., concurs. Claimant, employed as a stock order clerk, fractured the bones of his left leg in a softball game played in a league composed solely of teams manned by employees of Wall Street brokerage houses of which the employer was one. The games were played in the early evening on the employee's own time at a municipally owned stadium located in Brooklyn and attended principally by coemployees and officers of the employer. They received no accompanying outside publicity. Employee participation in the activity was completely voluntary. The players supplied their own transportation to and from the ball park and received no special consideration at the hands of the employer except occasional relief from overtime work granted by their superiors if such conflicted with scheduled games. They were recruited by the captain of the team during the workday. The results of the games and other pertinent notices were posted on a company bulletin board. The employee-manager of the team ordered uniforms, the shirt of which bore the letters MLPFS signifying the firm name of the employer, and other equipment, payment for which was made by the employer; it also paid the annual league fee of $125 and the cost of balls used for practice. There is no evidence that the employer dominated or controlled the personal recreational activity engaged in by the employees or attempted to do so and none from which it could be remotely inferred that it sought or gained any business advantage therefrom. Upon this record what we said recently in *Matter of Iacovino* v. *National Biscuit Co.* (18 A D 2d 741, 742) is apposite here: "We think the facts of this case fall squarely within the determination in *Matter of Wilson* [v. *General Motors Corp.,* 298 N. Y. 468], and fall far short of the facts present in *Tedesco* [v. *General Elec. Co.,* 305 N. Y. 544]." The award should be reversed and the claim dismissed.