(October 30, 1975)

■ In the Matter of WILLIAM A. PAULY, Respondent, v EDWARD J. MAHONEY et al., Constituting the Board of Elections of the County of Erie, Respondents, and MICHAEL L. D'AMICO, Appellant.—Judgment unanimously affirmed, without costs. Memorandum: After remand and rehearing as ordered by this court in *Matter of Pauly v Mahoney,* (49 AD2d 1014), cross-petitioner, Michael L. D'Amico, appeals from a judgment of Supreme Court, Erie County, entered October 28, 1975, which dismissed the cross petition and directed the respondents, Commissioners of Elections, to certify William A. Pauly as the Conservative Party candidate for the 14th Legislative District of the Erie County Legislature by a 34-33 vote margin over Mr. D'Amico. At the rehearing, appellant D'Amico challenged four write-in ballots which the board of canvassers counted as valid votes for Pauly. In his brief on appeal, however, he concedes that the rationale stated by this court in the first appeal "may be determinative precedent with regard to" the heretofore contested, *marked write-in ballot* from the University 26th election district. This ballot contains a penned cross-out of two letters allegedly violative of section 212 (rule 1, subd [d]) of the Election Law, but it also clearly reads "William Pauly" without any cross-outs. Therefore, the trial court correctly ruled that this ballot was valid and properly counted for Pauly. *(Matter of Pauly v Mahoney, supra.)* Similarly, because this court's decision on the first appeal held that unprotested ballots could not be contested in a subdivision 4 of section 330 proceeding under the Election Law, the trial court properly rejected D'Amico's offer of proof that *two unprotested write-in ballots* counted for Pauly in the Cheektowaga 15th election district were cast by unqualified electors. Finally, we conclude that the allegedly *illegible write-in ballot* from the Amherst 19th election district was valid and properly counted for Pauly. Neither section 212 of the Election Law nor the cases cited in appellant's brief mention the problem of "illegible" write-in ballots. Rule 6 of section 212 provides, in relevant part: "if for any reason it is impossible to determine the voter's choice of a candidate or candidates for an office or party position or his vote upon a question, his vote shall not be counted for such office or position or upon the question, but shall be returned as a blank vote thereon." Although not every letter of the longhand name on this contested ballot is identifiable, a simple examination of the writing reveals the letters "W", "i", "l", "l" followed by several unclear letters, then, a capital "P", several unclear letters, "l", and "y", in that order. Moreover, appellant's only witness, the board of elections employee who canvassed this election district, testified that she had noticed that this "write-in" was not clear but that she thought it was for William Pauly. Before counting it for him, however, she showed it to other employees of both major political parties, who unanimously agreed that it was for William Pauly. Thus appellant has failed to produce any evidence to support his contention that it was impossible to determine the candidate chosen in this ballot. On the contrary, the evidence supports the conclusion that this ballot was properly counted for William Pauly. (Appeal

from judgment of Erie County Supreme Court dismissing cross petition to invalidate write-in ballots.) Present—Cardamone, J. P., Simons, Mahoney, Del Vecchio and Witmer, JJ.