◼ In the Matter of M. JOHN HOSLEY, JR., Respondent-Appellant, v MARGARET VALDER et al., Constituting the Board of Inspectors of the Long Lake First Election District of the Town of Long Lake, et al., Respondents, and CLARK SEAMAN, Appellant-Respondent.—Mikoll, J. Cross appeals from an order and judgment of the Supreme Court (Best, J.), entered December 12, 1989 in Hamilton County, as amended by an amended order and judgment of said court, entered January 3, 1990, which granted petitioner's application, in a proceeding pursuant to Election Law § 16-106, to declare valid, *inter alia,* certain absentee ballots cast at the November 7, 1989 general election naming petitioner for the office of Town Supervisor of the Town of Long Lake.

The question presented on this appeal is whether Supreme Court erred in rulings it made on the validity of certain write-in votes and absentee ballots cast in the November 7, 1989

general election for the office of Town Supervisor of the Town of Long Lake, Hamilton County. Our review reveals that Supreme Court's rulings were proper and that its order and judgment should be affirmed.

Petitioner was a write-in candidate for the office of Town Supervisor of Long Lake in the general election of November 7, 1989. Respondent Clark Seaman (hereinafter respondent) was the Republican and Conservative Parties' candidate for that office. The initial tabulation of the votes as tallied by the returns of the election inspectors showed petitioner the winner with 376 votes while respondent received only 369 votes. The Hamilton County Board of Elections (hereinafter Board) on a recanvass of the votes counted 374 votes* for respondent and 369 for petitioner, changing the winner to respondent. Petitioner thereupon commenced this proceeding pursuant to Election Law § 16-106 seeking, *inter alia,* to declare valid certain votes cast in his favor which had been ruled invalid by the Board.

After a hearing, Supreme Court made these findings on objections still in dispute: (1) two absentee ballots cast for petitioner in the incorrect space were valid, (2) the court refused to count the absentee ballot purportedly of Daniel Atlas for respondent, (3) two write-in votes were sufficiently legible to be counted for petitioner, (4) a write-in vote marked with pencil and then traced over by pen was valid, (5) a write-in vote for "Hoss John" was valid, and (6) write-in votes placed in incorrect columns were invalid. Supreme Court then concluded there were 375 votes for petitioner and 373 votes for respondent. This appeal by respondent and the cross appeal by petitioner ensued. We shall discuss the court's rulings *seriatim* as listed above.

Initially, Supreme Court did not err in validating two write-in absentee votes for petitioner which were written in the first rather than the bottom line of the correct column. The record reveals that the absentee ballots used here instructed those wishing to cast a write-in vote to "write [the candidate's] name in the blank space at the bottom of the column under which the title of the office appears". Although Election Law § 7-122 (1) (d) (3) directs placement of the name at the bottom of the column and that was not done, nonetheless Supreme Court had the authority to declare the votes valid *(see, Matter of Carpinello v Tutunjian,* 154 AD2d 872). That case involved

---

* Two of these votes were due to the receipt of two additional military ballots after the first tally was completed.

a similar fact situation and this court held that the error was not fatal. Where the intent of the voters is apparent, as here, it should not be frustrated by technical rules *(supra,* at 873). Respondent's reliance on *Matter of Haynie v Mahoney* (48 NY2d 718) is misplaced. The vote there determined to be invalid was placed in the wrong column *(supra,* at 719).

Next, Supreme Court properly refused to count the Atlas absentee ballot. The signature on the voter registration card was substantially different than the signature on the absentee ballot envelope. These signatures do not match. Election Law § 8-304 requires that a voter's signature match his registration signature before he is permitted to vote. Further, voters are required to sign absentee ballots on the outside of the ballot envelope (Election Law § 7-122). Based on these statutes, it is our view that Supreme Court properly compared only the signature on the registration card with that on the outside of the ballot envelope.

We also find that Supreme Court properly ruled the two write-in votes in favor of petitioner legible and therefore valid. With regard to the first vote "John" was plainly visible. It was followed by "H", an unidentified letter, then an "s" and *"l"* and then two illegible letters. The second vote name began again with a clear "John" followed with "H" then a mark of a "c" or an unclosed "o", then an "s" and *"l"*, and then possibly an "e" and the final letter trailing off. These names, as written, could properly be found to meet the legibility test utilized in *Matter of Pauly v Mahoney* (49 AD2d 1016).

Supreme Court also properly found that the write-in vote in favor of petitioner first written in pencil and then traced over in pen was not a distinguishing mark on the ballot and therefore valid. Significantly, the court noted that it was very difficult to see the pencil under the blue ink *(see, Matter of Mahoney [Lyons],* 267 App Div 478, *affd* 292 NY 710).

Furthermore, Supreme Court correctly ruled that the write-in vote cast for "Hoss John" was valid and not so "distinguishable" or "identifiable" on the ballot as to be invalid as claimed by respondent *(see, Matter of Haskell v Hannah,* 188 Misc 589). The evidence demonstrated that petitioner was "commonly known as and referred to as 'Hoss' in the community". Hoss was on his license plates and on his ice cream stand and country store. There were also letters addressed to him as Hoss. Further, the attorney for the Board conceded that petitioner was commonly referred to as "Hoss" in the community of Long Lake. There was also proof that there was no

other "John Hoss" in Long Lake or Hamilton County. The facts here distinguish this case from *Matter of Nicolaysen v D'Apice* (100 AD2d 501) and *Matter of Franke v McNab* (73 AD2d 679).

In view of our decision on the first five issues raised by respondent, it is unnecessary to consider the last issue raised by petitioner in his cross appeal in regard to the validity of votes cast in improper columns.

Order and judgment affirmed, without costs. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.