■ In the Matter of PATRICK T. MORPHY, Appellant-Respondent, v THOMAS WADE et al., Constituting the Rensselaer County Board of Elections, Respondents, and HENRY R. BAUER, Respondent-Appellant. [617 NYS2d 400] —Per Curiam. Cross appeals from an order of the Supreme Court (Teresi, J.), entered October 6, 1994 in Rensselaer County, which partially granted petitioner's application, in a proceeding pursuant to Election Law § 16-106, to, *inter alia,* declare invalid certain absentee and emergency ballots cast at the September 13, 1994 Conservative Party primary election for the office of City Judge of the City of Troy.

A total of three ballots are at issue on these cross appeals: (1) an emergency (paper) ballot cast by Pierre Barbera, challenged by petitioner because it was placed in an "affidavit ballot" envelope rather than an "emergency ballot" envelope; (2) an absentee ballot cast by an individual confined in the Rensselaer County Jail as the result of a misdemeanor conviction, which respondent Henry R. Bauer (hereinafter respondent) contends should not be counted because the voter was neither "detained in *jail* awaiting action by a grand jury or awaiting trial" nor "confined in *prison* after a conviction for an offense other than a felony" (Election Law § 8-400 [1] [f] [emphasis supplied]); and (3) an absentee ballot designated Exhibit A, which petitioner contends should be invalidated because, although the voter correctly placed a cross (X) mark in the voting square above respondent's name, he or she placed an additional cross (X) mark across the blank space below respondent's name, intended for use only in the case where a voter desires to write in the name of a person whose

name does not appear on the ballot (Election Law § 7-122 [1] [d] [3]).

In our view, Supreme Court was correct in its determination to count Barbera's emergency ballot. It is undisputed that the ballot was itself in proper form and was placed in an envelope supplied to Barbera by the election inspector because no other envelopes were available. Notably, Election Law § 7-120, which speaks to the use of emergency ballots, sets forth no requirements for the type of envelopes to be used *(compare, Election Law § 8-302 [3] [f] [ii] [relative to affidavit ballots])*. We also agree with Supreme Court's determination to count the ballot cast by the jail inmate. In view of the fact that an individual convicted of a misdemeanor may not receive a prison sentence (Penal Law § 70.20 [2]), it cannot be seriously argued that, in enacting Election Law § 8-400 (1) (f), the Legislature intended to allow a convicted misdemeanant to vote only if he or she was in prison and not in jail.

We do not agree, however, with Supreme Court's determination concerning the absentee ballot designated Exhibit A. Applying even the strict construction required in the case of Election Law provisions relative to the recording of votes *(see, Matter of Quinn v Tutunjian,* 98 AD2d 938, 940, *affd* 61 NY2d 730), we conclude that the additional cross (X) mark placed in the blank space beneath respondent's name violated neither Election Law § 7-122 (1) (d) (5) nor Election Law § 9-112 (1). Although technically incorrect, the mark was not outside the voting square or blank space provided for voting *(cf., Matter of Pavlic v Haley,* 20 AD2d 592, *affd* 13 NY2d 1111), was by no means distinguishing or identifying *(cf., Matter of Scanlon v Savago,* 160 AD2d 1162; *Matter of Franke v McNab,* 73 AD2d 679) and manifested a clear intent to cast a vote for respondent *(see, Matter of Weinberger v Jackson,* 19 NY2d 995; *Matter of Hosley v Valder,* 160 AD2d 1094, 1095-1096; *Matter of Carpinello v Tutunjian,* 154 AD2d 872).

As a final matter, although, as emphasized by the dissent, the holding in *Matter of Weinberger v Jackson (supra)* was largely premised upon the fact that the design of the ballot rendered it susceptible to misconstruction by the average voter, it is equally noteworthy that the voter errors in that case were far more serious than those present here. First, in *Weinberger,* as in *Matter of Quinn v Tutunjian (supra),* the voters who placed cross (X) marks in the misleading party emblem left the voting square entirely blank. Second, the cross (X) marks were not within either the voting square or the blank space provided for voting *(see, Election Law § 7-122*

[1] [d]). In direct contrast, in the present case the voting square was properly marked and the voter's additional act of placing a cross (X) mark in the blank space was entirely consistent with the instruction on the ballot that "[a]ny other mark or writing * * * made on this ballot outside the voting squares or blank spaces provided for voting will void this entire ballot". To the extent that the voter was prohibited from making a mark in the "blank spaces provided for voting", the instructions rendered the ballot susceptible to misconstruction by the average voter.

Mercure, Crew III and Casey, JJ., concur.

Peters, J. (concurring in part and dissenting in part). We cannot subscribe to the majority's analysis concerning the absentee ballot designated as Exhibit A. The design of the ballot provided to this voter did not render it "susceptible to construction by the average voter as an invitation to note his voting mark" in both the voting square and the blank space provided for a write-in vote (cf., Matter of Weinberger v Jackson, 19 NY2d 995, 996).

Here, the voter placed a cross (X) mark in the voting square above the candidate's name and also placed such mark in the blank space provided for a write-in vote. This conduct was contrary to the explicit instructions printed on the form as mandated by Election Law § 7-122 (1) (d). Such statute states that when voting for a candidate whose name appears on the printed form, any other "mark or writing * * * outside the voting squares * * * will void this entire ballot" (Election Law § 7-122 [1] [d] [5]). Recognizing that strict construction of an election statute is required when issues arise pertaining to the recording of votes (see, Matter of Quinn v Tutunjian, 98 AD2d 938, 940, affd 61 NY2d 730), we are of the opinion that Supreme Court correctly held that in placing marks in the space available for write-in names the voter made an extrinsic mark outside the voting square which invalidated the vote cast for respondent Henry R. Bauer (see, Matter of Pavlic v Haley, 13 NY2d 1111; Matter of Scanlon v Savago, 160 AD2d 1162; Matter of Quinn v Tutunjian, supra; Matter of Franke v McNab, 73 AD2d 679).

Accordingly, we would affirm the order of Supreme Court.

Cardona, P. J., concurs. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as invalidated the ballot designated Exhibit A; application denied in that respect; and, as so modified, affirmed.