(October 15, 1997)

■ In the Matter of RICHARD W. LUCK, SR., as Chairman of the Conservative Party of the Town of Coeymans, Respondent, v ROBERT H. FISK, JR., et al., Respondents, and ALBANY COUNTY BOARD OF ELECTIONS et al., Appellants. [663 NYS2d 304] —Per Curiam. Appeal from an order of the Supreme Court (Keegan, J.), entered October 2, 1997 in Albany County, which granted petitioner's application, in a proceeding pursuant to Election Law § 16-106, to restrain respondent Albany County Board of Elections from opening and canvassing certain absentee and affidavit ballots which were voted in the September 9, 1997 Conservative Party primary election for various offices of the Town of Coeymans.

At issue herein are 18 ballots, which consist of 16 absentee ballots and two affidavit ballots (hereinafter referred to as "the 18 ballots"), which were voted in the Conservative Party primary election on September 9, 1997 in the Town of Coeymans, Albany County. The record reveals that all of the absentee and affidavit ballots voted were not sent to the polling places on primary election day but, rather, were retained at the office of respondent Albany County Board of Elections (hereinafter the Board). Subsequently, on September 16, 1997, the Board met for the purpose of recanvassing the votes cast and opening and canvassing the absentee and affidavit ballots (see, Election Law § 9-209 [1] [a]). The meeting was attended by petitioner who challenged the validity of certain absentee and affidavit ballots, including the 18 ballots; in response, all of these challenged ballots were set aside for three days pursuant to Election Law § 9-209 (2) (d).

Subsequently, petitioner commenced two separate proceedings in Supreme Court pursuant to Election Law § 16-106 to invalidate a number of the challenged ballots, excluding the 18 ballots in question, apparently on the basis of voter ineligibility. However, while the court proceedings were pending, the 18 ballots which petitioner had not challenged remained set aside and unopened. Following the expiration of the three-day period (see, Election Law § 9-209 [2] [d]), the Board scheduled an October 1, 1997 meeting for the opening and canvassing of the

18 ballots. The instant proceeding was commenced by petitioner on September 27, 1997, wherein petitioner sought an order restraining the Board from opening and counting the 18 ballots. The Board answered. After oral argument Supreme Court granted the petition, finding that the 18 ballots were not opened and counted by the Board in a timely fashion. This appeal ensued.

Initially, we conclude that Supreme Court's reliance on *Matter of Giambrone v Alberico* (179 AD2d 1090, *lv denied* 79 NY2d 753) was misplaced. There, the Fourth Department held that, *inter alia*, the time limit set forth in Election Law § 9-209 for canvassing ballots after a general election was 10 days and that such limit was clear, unambiguous and could not be changed by the court (*see, id.*, at 1091, citing *Matter of Pillion v Lawley*, 277 App Div 1017). Subsequently, however, the Legislature amended Election Law § 9-209 (2) (d) to include the provision that "[i]f [after an objection to a ballot at the canvassing meeting] the board cannot agree as to the validity of the ballot it shall set the ballot aside, unopened, for a period of three days at which time the ballot envelope shall be opened and the vote counted unless otherwise directed by an order of the court" (L 1992, ch 79, § 22). Clearly, the Fourth Department was not presented, as we are herein, with the interpretation of time limitations as a result of the addition of the three-day set-aside period.

We find merit in the Board's assertion that Election Law § 9-209 (2) (d) does not specify a period of time after the expiration of the three-day set-aside period within which those ballots for which no court orders direct otherwise are to be opened and counted. Notably, petitioner is no longer challenging the validity of the 18 ballots. In our view, "these voters should not be [disenfranchised] for a mistake, if any, of election officials in performing the duty cast upon them" (*Sheils v Flynn*, 252 App Div 238, 243 [citing *People ex rel. Hirsh v Wood*, 148 NY 142], *affd* 275 NY 446); "blind adherence to the terms of a rather vague statute may sometimes lead to harsh and absurd ends, resulting in the effective disenfranchisement of a significant number of voters" (*Matter of Russell v Board of Elections*, 45 NY2d 800, 802 [Cooke, J., dissenting]). Under the circumstances of this case and upon our review of Election Law § 9-209 (2) (d), we cannot countenance the disenfranchisement of 18 voters from the Town of Coeymans. Therefore, in our view, the October 1, 1997 scheduled meeting for the opening and canvassing of the 18 ballots was timely.

Accordingly, the 18 ballots should be opened and counted.

Peters, Spain and Carpinello, JJ., concur.

Crew III, J. P. (dissenting). We respectfully dissent. As noted by the majority, Election Law § 9-209 (2) (d) provides that "[i]f [after an objection to a ballot at the canvassing meeting] the board cannot agree as to the validity of the ballot it shall set the ballot aside, unopened, for a period of three days *at which time* the ballot envelope shall be opened and the vote counted unless otherwise directed by an order of the court" (emphasis supplied). In our view, the statutory language is perfectly clear and, as applied to this matter, mandated that respondent Albany County Board of Elections (hereinafter the Board) count the 18 ballots at issue at the expiration of the three-day period. Absent such a reading of Election Law § 9-209 (2) (d), there simply would be no time limitation within which the Board is compelled to count the ballots. Indeed, accepting the majority's rationale, the ballots in question could be canvassed at any time, including sometime after the general election, a proposition to which we simply cannot ascribe. We are not unmindful that our interpretation of the statute regrettably would serve to disenfranchise those voters who cast the 18 ballots in question, but absent such determination there simply would be no finality to the electoral process. Accordingly, we would affirm Supreme Court's order.

Yesawich Jr., J., concurs. Ordered that the order is reversed, on the law and the facts, without costs, and petition dismissed.