■ In the Matter of BRIAN KOLB, Respondent-Appellant, v SAMUEL J. CASELLA, Appellant-Respondent, et al., Respondents. (Appeal No. 1.) [705 NYS2d 746] —Order modified on the law and the facts and as modified affirmed without costs in accordance with the following Memorandum: Samuel J. Casella (respondent) appeals and petitioner cross-appeals from an order entered February 17, 2000 that determined which absentee and other paper ballots would be counted in the special election for the 129th Assembly District held on February 1, 2000. By order to show cause returnable February 11, 2000, respondent filed a petition challenging certain ballots and seeking a stay preventing further canvassing of the challenged ballots. Petitioner filed an affidavit, which Supreme Court deemed a petition (hereafter cross petition), also contesting certain ballots.

With respect to the appeal, we conclude that the court erred in determining that the ballot of a voter from Ontario County— Gorham may be counted. The voter improperly marked the ballot outside the voting square (see, Matter of Pavlic v Haley, 20 AD2d 592, affd 13 NY2d 1111). The court erred in finding that the ballots of a voter from Yates County—Milo 6 and a voter from Yates County— Starkey 2 may be counted. The ballot envelope signatures of those two voters are "substantially different" from the signatures on their voter registration cards (Matter of Hosley v Valder, 160 AD2d 1094, 1096). The court properly found that the third contested signature, from Yates County—Starkey 1, may be counted. The signature of that voter matches the signature on his voter registration card. In

addition, the court erred in determining that the ballot of a voter from Livingston County may be counted. That voter failed to fill out the affidavit ballot envelope with statutorily required information (*see,* Election Law § 8-302 [3] [e] [ii]).

The court properly determined that campaign literature on the reverse side of an application for an absentee ballot did not render void the subsequent absentee ballot filed by the applicant. Election Law § 8-400 (9) provides that applications for absentee ballots need only "substantially compl[y] with the provisions" of Election Law § 8-400 and that "any application filed on such a form shall be accepted for filing." Respondent further argues that errors involving the absentee ballot applications of several voters render void the subsequent absentee ballots submitted by those voters. We disagree (*see, Matter of St. John v Board of Elections,* 145 Misc 2d 324, 328).

Absent evidence of fraud and where no objections were made to the ballots themselves, the court properly determined that the ballots of three nursing home residents may be counted. We note, however, that the ballot of a fourth nursing home resident is also at issue in *Matter of Kolb v Casella* (270 AD2d 966 [decided herewith]), wherein we have determined that the ballot may not be counted because it was not properly marked (*Matter of Kolb v Casella, supra*). We have considered respondent's remaining arguments and conclude that they lack merit.

With respect to the cross appeal, the court erred in determining that 13 ballots found in 12 ballot envelopes in the Town of Naples may not be counted. The ballots should have been placed in a ballot box (*see,* Election Law § 9-104 [1] [e]), and the procedure applicable when excess ballots have been placed in a ballot box should have been followed (*see,* Election Law § 9-108). That procedure must be followed in this case to prevent 12 voters from being disenfranchised (*see, Matter of Luck v Fisk,* 243 AD2d 812, 813, *affd* 90 NY2d 979).

Thus, we modify the order by providing that the ballot from Ontario County—Gorham wherein the voter marked outside the voting square, two ballots from Yates County where the signatures of the voters on the ballot envelopes were substantially different from the signatures on their voter registration cards, and the Livingston County affidavit ballot where the envelope lacked statutorily required information may not be counted. We further modify the order by directing that the procedure set forth in Election Law § 9-108 be followed with respect to the Town of Naples ballots.

All concur, except Kehoe, J., who dissents in part in the following Memorandum.

Kehoe, J. (dissenting in part). I disagree with the majority's determination of certain issues and therefore respectfully dissent in part. I disagree with the majority's determination to invalidate two ballots on the ground that each voter's signature on the ballot envelope did not match that on the voter registration card. I conclude that each set of signatures is not "substantially different" (*Matter of Hosley v Valder,* 160 AD2d 1094, 1096; *see generally,* Election Law § 8-304). The minor difference in the signatures of the Yates County—Milo 6 voter is understandable given that the signature on the registration card is 18 years old. Further, the essential characteristics of the signatures of the Yates County—Starkey 2 voter are the same. On such factual questions, we should not substitute our judgment for that of Supreme Court (*see, Taylor & Jennings v Bellino Bros. Constr. Co.,* 106 AD2d 779, 780). Those ballots therefore should be counted.

I likewise disagree with the majority's determination to invalidate the ballot of the Ontario County—Gorham voter. The intent of the voter is clear from the ballot, because the voter marked the large box directly adjacent to the candidate's name. In any event, I would find that the design of the ballot rendered it "susceptible to construction by the average voter as an invitation to note his voting mark" in either the small box or the large box (*Matter of Weinberger v Jackson,* 28 AD2d 559, *affd on opn below* 19 NY2d 995).

Further, with regard to the majority's determination to invalidate a Livingston County ballot on the ground that the voter checked the wrong box concerning her basis for voting by ballot (*see generally,* Election Law § 8-302 [3] [e] [ii]), I note that the voter was entitled to vote by affidavit ballot. The voter wrote her correct address, was properly registered to vote, and was a resident of the county and of the election district wherein she voted. In my view, her ballot therefore should be counted.

In all other respects, I agree with the majority's determination. (Appeals from Order of Supreme Court, Ontario County, Harvey, J.—Election Law.) Present—Pine, J. P., Hurlbutt, Kehoe and Lawton, JJ. (Filed Mar. 17, 2000.)