■ In the Matter of BRIAN KOLB, Respondent, v SAMUEL J. CASELLA, Appellant, et al., Respondents. (Appeal No. 2.) [706 NYS2d 789] —Order modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Samuel J. Casella (respondent) appeals from an order entered March 3, 2000 that determined which absentee and other paper ballots would be counted in the special election for the 129th Assembly District held on February 1, 2000. On February 8

and 9, 2000, the votes from the respective election districts were canvassed and the parties made objections to the casting and counting of certain ballots. By order to show cause returnable February 11, 2000, respondent filed a petition challenging certain ballots and seeking a stay preventing further canvassing of the challenged ballots. Petitioner filed an affidavit, which Supreme Court deemed a petition (hereafter cross petition), contesting certain ballots.

The court erred in determining that four ballots canvassed on February 18, 2000, 17 days after the election and without written notice, may be counted. Election Law § 9-209 (1) (a) precludes the canvassing of ballots more than eight days after a special election, and Election Law § 9-208 (1) precludes the recanvassing of ballots more than 15 days after an election (*see, Matter of Giambrone v Alberico*, 179 AD2d 1090, 1091, *lv denied* 79 NY2d 753). We reject petitioner's argument that the stay sought on February 10, 2000, had the effect of tolling those time limitations. The petition and cross petition each sought to stay further canvassing of disputed ballots canvassed on February 8 and 9, 2000; they did not contemplate ballots not known to exist until February 11, 2000. In addition, the notice requirement set forth in Election Law § 9-209 (1) (b) was violated (*see, Matter of Giambrone v Alberico, supra,* at 1091; *see also, Matter of Cregg v Fisselbrand*, 22 AD2d 342, 345, *affd* 15 NY2d 748). Given our determination, we do not address respondent's further argument that affidavit ballots must be witnessed by an election official.

The court further erred in determining that three ballots wherein the voters marked outside the voting square may be counted (*see, Matter of Pavlic v Haley*, 20 AD2d 592, *affd* 13 NY2d 1111). Finally, in view of our determination in *Matter of Kolb v Casella* (270 AD2d 964 [decided herewith]) that a Livingston County voter's affidavit ballot may not be counted, we need not reach respondent's further argument that the irregular mark made by that voter invalidated the ballot. We therefore modify the order by providing that the ballots canvassed after February 9th and the ballots wherein voters marked outside the voting square may not be counted.

All concur, except Kehoe, J., who dissents in part in the following Memorandum.

Kehoe, J. (dissenting in part). I disagree with the majority's determination of several issues and therefore respectfully dissent in part. In my view, the casting and canvassing of the ballots in Yates County was ongoing when Justice Harvey granted the stay on February 11, 2000, and therefore the ballots

canvassed on February 18, 2000 should be counted in the special election for the 129th Assembly District held on February 1, 2000 (see, Election Law § 9-209 [2] [d]; cf., Matter of Luck v Fisk, 243 AD2d 812, 813, affd 90 NY2d 979).

I also disagree with the majority's conclusion that the ballots of three voters should not be counted because they marked their ballots outside the voting square, thus rendering their ballots void pursuant to Election Law § 9-112 (1). With respect to the Livingston County voter thus disenfranchised by the majority, I conclude that it is clear from the ballot for whom the voter intended to cast her ballot, because she correctly marked the small box above the candidate's name in addition to marking (technically incorrectly) the large box to the right of the candidate's name (see, Matter of Morphy v Wade, 208 AD2d 1039, 1040, affd for reasons stated below 84 NY2d 900). I note that a ballot marked in a nearly identical way was counted for respondent Samuel J. Casella without challenge. With regard to the majority's determination to disenfranchise two Yates County voters, I likewise conclude that it is clear from the ballot for whom they intended to vote, because they too marked the large box directly adjacent to the candidate's name. In any event, I would find that the design of the ballot rendered it "susceptible to construction by the average voter as an invitation to note his voting mark in either" the small box or the large box (Matter of Weinberger v Jackson, 28 AD2d 559, affd on opn below 19 NY2d 995). Those three ballots therefore should be counted.

In all other respects I agree with the majority's determination. (Appeal from Order of Supreme Court, Ontario County, Harvey, J.—Election Law.) Present—Pine, J. P., Hurlbutt, Kehoe and Lawton, JJ. (Filed Mar. 17, 2000.)