[717 NYS2d 550]

In the Matter of WILLIAM POWERS et al., Petitioners, LIZ
KRUEGER, Intervenor-Respondent, and ROY GOODMAN,
Intervenor-Appellant, v HELENA M. DONAHUE et al.,
Respondents.

First Department, December 5, 2000

### APPEARANCES OF COUNSEL

*Henry T. Berger,* attorney (*Martin E. Connor* and *A. Joshua Ehrlich* on the brief), for intervenor-respondent.

*Lawrence A. Mandelker* of counsel (*John Ciamopoli* and *David Lewis* on the brief; *Kantor, Davidoff, Wolfe, Mandelker & Kass, P. C.,* attorneys), for intervenor-appellant.

### OPINION OF THE COURT

Per Curiam.

This proceeding was commenced by the Republican and Democratic State Chairs prior to the November 7, 2000 general elections in anticipation of a close contest for United States Senator and, in its original formulation, sought to impound all voting machines and paper ballots throughout the State. Following the election, however, it was stipulated to dismiss the petition with respect to all but the 26th Senatorial District and two upstate contests not relevant herein, and the applications of the New York State Senatorial candidates seeking intervention were granted without opposition.

This controversy involves the 73rd Assembly District, which lies mostly (but not entirely) within the 26th Senatorial District, the locus of a closely contested Senate race. It was discovered that some or all of the absentee ballots mailed to voters residing in the 73rd Assembly District listed the wrong candidates for State Senator. To remedy this situation, the New York County Board of Elections, consisting of one Republican and one Democratic Election Commissioner, caused a second set of absentee ballots to be sent by priority mail on November 3-4, 2000, informing the absentee voters in the 73rd Assembly District that the first ballot was defective and requesting they complete and return the corrected ballot. The Commissioners agreed on a methodology whereby, if two ballots were received from the same voter, only the corrected ballot would be counted. While there is an allegation that some defective absentee ballots may have been sent to voters in other Assembly Districts, the Commissioners acted in response to a concern that the problem was widespread in the 73rd Assembly District. After Election Day, with only the voting

machines canvassed, respondent Krueger led by a mere 86 votes.*

Appellant Goodman moved "in support of Board of Electors' Procedural Determination" and to "preserve" evidence of improper or defective ballots together with his right to object to such ballots. Respondent Krueger opposed the application, contending that only the first ballot received should be canvassed. To effect the requested preservation of ballots (or, more accurately, determine how many voters had sent in defective ballots), appellant Goodman requested that the Board of Elections be directed to open the envelopes containing the absentee ballots to identify each, by its lot number, as either a defective or corrected ballot. Respondent Krueger argued that sometimes voters fold the ballots backwards and that, in such cases, the identity of the voter (and the vote) would be revealed. The IAS Court denied appellant's motion in all respects, ruling that, pursuant to Election Law § 9-104 (1) (c), where two ballots are received from the same voter, only the ballot envelope with the earlier date of execution is to be accepted. The IAS Court stayed the canvassing of absentee ballots pending application to this Court.

Respondent Krueger argues that the mailing of a second set of absentee ballots in the 73rd Assembly District constitutes a procedural change governed by section 5 of the Voting Rights Act of 1965 (42 USC § 1973c), which requires approval by the Justice Department or the United States District Court for the District of Columbia where a State or political subdivision "shall enact or seek to administer" any change in voting "practice[ ] or procedure." The objective of this provision is to ensure that the proposed change does not have either the purpose or effect of denying or abridging the right to vote on the basis of race or color. Respondent offers no support for the proposition that the mailing of corrected ballots in response to the discovery of patent defects constitutes a change in voting procedure within the contemplation of the statute. Moreover, failure to furnish voters with corrected ballots, where feasible, contravenes both article II, § 1 of the New York Constitution, providing that "[e]very citizen shall be entitled to vote at every election for all officers elected by the people," and article II, § 2, providing for voting by absentee ballot. Finally, respondent

---

* Appellant's application to stay Supreme Court's order during the pendency of this appeal discloses that, as of November 29, with only the paper ballots within the 73rd Assembly District remaining to be counted, respondent Krueger led by approximately 325 votes.

does not appear to contest the legality of mailing corrected absentee ballots in response to voter complaints in other districts, at least with respect to those instances in which a single absentee ballot was returned by the voter.

Respondent Krueger further contends that adopting the method agreed upon by the Board—to accept a corrected ballot and reject an earlier-filed, yet defective, ballot—would violate Election Law § 9-104 (1) (c), which provides:

> "If there is more than one ballot envelope executed by the same voter, the one bearing the earlier date of execution shall be accepted and the other rejected. If it cannot be determined which envelope bears the earlier date, then all such envelopes shall be rejected."

Appellant Goodman counters that, pursuant to Election Law § 16-108 (4), every voter who was "unlawfully denied an absentee ballot" is entitled to bring a proceeding to compel "the delivery to such voter of a ballot or application." In addition, he notes, Election Law § 7-122 (1) (a) requires that absentee ballots "shall be, as nearly as practicable, in the same form as those to be voted in the district on election day," which obviously anticipates the inclusion of all candidates seeking election in the pertinent district.

While the Election Law does not expressly provide for the mailing of corrected absentee ballots to remedy a defect, it would be anomalous to provide for a proceeding to compel delivery of a proper absentee ballot, yet preclude the Board of Elections from correcting the mistake itself (*see, Flake v Board of Elections*, 122 AD2d 94, *lv denied* 68 NY2d 752 [candidate estopped to complain of the exclusion of his name from absentee ballots upon failure to seek relief prior to election]). "The right of the voter to be safeguarded against disenfranchisement and to have his intent implemented wherever reasonably possible * * * transcends technical errors" (*Matter of Weinberger v Jackson*, 28 AD2d 559, *affd* 19 NY2d 995), and "'voters should not be [disenfranchised] for a mistake * * * of election officials in performing the duty cast upon them'" (*Matter of Luck v Fisk*, 243 AD2d 812, 813, *affd* 90 NY2d 979 [citations omitted]). Recent national events notwithstanding, it is preferable that questions concerning electoral procedures be resolved by officials at the local level, wherever possible, and not in the courts.

Accordingly, the order of the Supreme Court, New York County (Robert Lippmann, J.), entered on or about November

29, 2000, which denied the motion of petitioner-intervenor Roy Goodman to direct respondent New York City Board of Elections to preserve absentee ballots returned by voters residing in that portion of the 73rd Assembly District located within the 26th Senatorial District in order to determine whether the ballots were defective in failing to correctly list the candidates for the office of State Senator, and which denied petitioner's motion to direct the Board, in cases where more than one absentee ballot was returned by a voter, to count only the absentee ballot listing the correct candidates' names, and which stayed canvassing of the ballots pending this appeal, should be modified, on the law, and the motion granted to the extent of directing the Board, in cases where more than one absentee ballot was returned by a voter, to accept for canvassing only the corrected ballot postmarked on or before November 7, 2000, and otherwise affirmed, without costs. The stay of the canvassing of absentee ballots, including the preservation of all absentee ballots, is hereby continued for two days after the date of this order to afford the parties the opportunity to seek leave to appeal to the Court of Appeals.

SULLIVAN, P. J., WALLACH, RUBIN, BUCKLEY and FRIEDMAN, JJ., concur.

Order, Supreme Court, New York County, entered on or about November 29, 2000, modified, on the law, petitioner-intervenor-appellant's motion granted to the extent of directing the Board, in cases where more than one absentee ballot was returned by a voter, to accept for canvassing only the corrected ballot postmarked on or before November 7, 2000, and otherwise affirmed, without costs.