■ In the Matter of EDWARD M. BOUDREAU, Respondent, v ELAINE CATANISE et al., Appellants, et al., Respondents. [737 NYS2d 469] —Appeals from an order of Supreme Court, Seneca County (Bender, J.), entered December 26, 2001, which granted the petition in part and voided two absentee ballots.

It is hereby ordered that the order so appealed from be and the same hereby is affirmed without costs.

Memorandum: Petitioner commenced this proceeding after losing the election for the office of Seneca County Supervisor from the Town of Waterloo to Al Taney (respondent) by one vote. Petitioner alleged in the petition that three absentee ballots counted in favor of respondent, one of the two successful

candidates for the office, should have been invalidated. Supreme Court properly granted the petition in part, determining that two of the three ballots are void and therefore cannot be counted. Contrary to respondents' contention, petitioner properly preserved his right to seek judicial review by objection to the Board of Elections, Inspections and Canvassers of Seneca County during the final canvassing of the votes (see, Election Law § 9-114 [1]; § 16-106 [1]). Also contrary to respondents' contention, the two remaining candidates for the office, one of whom was the other successful candidate, are not necessary parties to this proceeding. Necessary parties are those "who ought to be parties if complete relief is to be accorded between the persons who are parties * * * or who might be inequitably affected by a judgment in the [proceeding]" (CPLR 1001 [a]; see also, Matter of Ullman v Power, 17 AD2d 792, affd 12 NY2d 724), circumstances that do not apply to the two remaining candidates. The "actual adverse parties to this controversy" were properly before the court (Matter of Maniscalco v Power, 4 AD2d 479, 480, affd 3 NY2d 918).

The court properly invalidated the ballot designated exhibit 1 based upon the extraneous marks outside of the voting squares for the offices of Supreme Court Justice and District Attorney. Similarly, the court properly invalidated the ballot designated exhibit 2 based upon the extraneous mark outside of the voting square for the Office of Coroner (see, Election Law § 9-112 [1]; Matter of Pavlic v Haley, 20 AD2d 592, affd 13 NY2d 1111; Matter of Kolb v Casella, 270 AD2d 966, 967). Thus, the court properly determined that the votes for respondent on those ballots may not be counted.

All concur except Lawton, J., who concurs in the result in the following memorandum.

Lawton, J. (concurring). I concur in the result by reason of the authority of Matter of Pavlic v Haley (20 AD2d 592, affd 13 NY2d 1111), which was affirmed by the Court of Appeals on this single issue. Considering both the legislative history of Election Law § 9-112 (1) and the modern-day philosophy of protecting the express intentions of the voter (see, Matter of Weinberger v Jackson, 28 AD2d 559, affd 19 NY2d 995), I believe that legislative action would be desirable to prevent a recurrence of the unjust result mandated by Election Law § 9-112 (1) in this case. Present—Green, J.P., Hayes, Scudder, Gorski and Lawton, JJ. (Filed Jan. 8, 2002.)