FOURTH DEPARTMENT, MARCH, 2008

(March 3, 2008)

■ In the Matter of GEORGE P. ALESSIO, JR., Respondent, v PAUL G. CAREY, Appellant, and HELEN M. KIGGINS et al., Respondents. [854 NYS2d 830]—

Memorandum: Paul G. Carey (respondent) appeals from an order that granted the petition in part and directed respondent Onondaga County Board of Elections (Board) to count three absentee ballots cast in petitioner's favor in the November 6, 2007 general election for the office of town justice in the Town of Salina. The Board had invalidated those ballots and, pursuant to the relief granted by Supreme Court, petitioner gained a one-vote margin of victory. We previously concluded that the court lacked subject matter jurisdiction in this proceeding (*Matter of Alessio v Carey*, 47 AD3d 1194 [2008]), but the Court of Appeals reversed our order and remitted the matter to this Court "for consideration of issues raised, but not determined" in our prior decision (*Alessio*, 10 NY3d 751, 752 [2008]). We now conclude that the court erred in granting the petition in part and directing the Board to count the three absentee ballots cast in petitioner's favor, and we therefore modify the order accordingly.

We note at the outset the well-established principle that " '[b]road policy considerations weigh in favor of requiring strict compliance with the Election Law . . . [for] a too-liberal construction . . . has the potential for inviting mischief on the part of candidates, or their supporters or aides, or worse still, manipulations of the entire election process' " (*Matter of Gross v Albany County Bd. of Elections*, 3 NY3d 251, 258 [2004], quoting *Matter of Staber v Fidler*, 65 NY2d 529, 534 [1985]). We further note that, pursuant to Election Law § 9-112, "[t]he whole ballot is void if the voter . . . makes any mark thereon other than a cross X mark or a check V mark in a voting square, or filling in the voting square" (§ 9-112 [1] [d]). "The term 'voting square' shall include the voting space provided for a voter to mark his [or her] vote for a candidate or ballot proposal" (§ 9-112 [1]), and here the "voting square" is the oval that voters are directed to "fill in," pursuant to the explicit instructions on the three absentee ballots in question.

The three absentee ballots in question contain irregular markings, and we thus conclude that they are void (*see id.*). The first of the three absentee ballots, designated as exhibit 4, contains an intentional mark on its lower left-hand margin, outside of any voting square; the second ballot, designated as exhibit 5, contains marks that traverse certain of the boxes that contain the candidates' names, voting ovals, and party symbols and affiliations; and the third ballot, designated as exhibit 7, contains

an extra filled-in oval drawn on the ballot by the voter before the word "Yes" under the ballot proposal. The marks on the three absentee ballots in question fall outside or extend well beyond those ovals and the Board therefore properly invalidated those absentee ballots in their entirety because "[t]he voter[s] improperly marked the ballot[s] outside the voting square[s]" (*Matter of Kolb v Casella*, 270 AD2d 964, 964 [2000], *lv denied* 94 NY2d 764 [2000]; *see Matter of Pavlic v Haley*, 20 AD2d 592 [1963], *affd* 13 NY2d 1111 [1964]; *Matter of Boudreau v Catanise*, 291 AD2d 838, 839 [2002]; *cf. Matter of Mondello v Nassau County Bd. of Elections*, 6 AD3d 18, 24 [2004]). Indeed, we note that the marks "could have identified the voter[s]" (*Matter of Carney v Davignon*, 289 AD2d 1096, 1096 [2001]; *cf. Matter of Morphy v Wade*, 208 AD2d 1039, 1040 [1994], *affd* 84 NY2d 900 [1994]).

Even assuming, arguendo, that petitioner is correct that the "voting squares" on two of the three absentee ballots, i.e., exhibits 4 and 5, are the boxes that contain the candidates' names, voting ovals, and party symbols and affiliations, we note that the disputed marks on those ballots extend beyond those boxes. Thus, those two entire ballots are invalid because the marks are beyond even petitioner's broadly-defined "voting squares." With respect to the last of the three absentee ballots, i.e., exhibit 7, we reject petitioner's contention that the entire ballot panel containing the proposal is the "voting square." The voter's placement of a separate oval mark before the "Yes" choice with respect to the proposal not only contravenes the directive that such marks be placed "in a voting square *following* the word 'Yes' or the word 'No' " with respect to a ballot proposal (Election Law § 9-112 [5] [emphasis added]), but also "could have identified the voter," rendering the entire ballot invalid (*Carney*, 289 AD2d at 1096).

With respect to respondent's cross claim concerning three invalidated affidavit ballots, we note that "a cross claim is not permitted in a special proceeding without court order" (*Matter of Williams v Rensselaer County Bd. of Elections*, 98 AD2d 938, 939 [1983], *appeal dismissed* 61 NY2d 737 [1984], *lv denied* 61 NY2d 606 [1984]), and no such order was issued herein. Thus, although the court denied respondent's first cross claim, that cross claim was never properly before the court, and we therefore further modify the order accordingly. Were we to address the parties' contentions with respect to those ballots, we would conclude that the testimony of respondent Helen M. Kiggins, the Board's Commissioner, and the sworn statement of petitioner's representative concerning his observation of what

transpired provide a basis from which it may be "reasonably infer[red] that [the insertion of disputed affidavit ballots into extra envelopes was] the result of a ministerial error on the part of a poll worker" (*Matter of Panio v Sunderland*, 4 NY3d 123, 128 [2005], *rearg denied* 4 NY3d 794 [2005]). Because the insertion of those affidavit ballots into extra envelopes does not otherwise have the effect of identifying those ballots (*cf. People ex rel. Brown v Keller*, 170 App Div 324 [1915], *affd* 216 NY 741 [1915]), those affidavit ballots should have been counted pursuant to Election Law § 16-106 (1). Present—Scudder, P.J., Hurlbutt, Lunn and Gorski, JJ. [*See* 18 Misc 3d 1102(A), 2007 NY Slip Op 52381(U) (2007).]