■ In the Matter of MICHAEL J. ABRAMO, Respondent-Appellant, v PHILIP C. KADET, Candidate, et al., Appellants-Respondents, et al., Respondents. [888 NYS2d 686]—

Appeal and cross appeal from an order (denominated order and judgment) of the Supreme Court, Erie County (Rose H. Sconiers, J.), entered October 27, 2009 in a proceeding pursuant to the Election Law. The order, inter alia, granted the petition in part.

It is hereby ordered that the order so appealed from is unanimously modified on the law by invalidating the five ballots for Independence Party candidates recorded on the statement of canvass, designated as exhibit I-3, and invalidating those ballots for an Independence Party candidate designated as exhibits C, F-1, G, H, and L and by providing that 935 votes were cast for petitioner and 923 votes were cast for respondent Philip C. Kadet and as modified the order is affirmed without costs.

Memorandum: Petitioner commenced this proceeding seeking, inter alia, an order directing the Erie County Board of Elections (Board) to certify that he is the winner of the September 15, 2009 primary election of respondent New York State Independence Party Committee for the office of Comptroller of Erie County. Following the election, the two Commissioners of the Board did not agree on the total votes received by petitioner and the other candidate, respondent Philip C. Kadet. Commissioner Ralph M. Mohr signed a Primary Election Certification stating that petitioner and Kadet each received 937 votes, and Commissioner Dennis E. Ward signed a separate Primary Election Certification stating that petitioner received 936 votes and that Kadet received 921. Supreme Court granted the petition in part, determining that petitioner won the primary election by receiving 936 votes, while Kadet received 932 votes.

Contrary to the contentions of respondents-appellants-respondents, we conclude that the court properly determined that it had subject matter jurisdiction over this proceeding and that it is not time-barred (see Election Law § 16-106 [1], [5]; see generally Matter of Alessio v Carey, 10 NY3d 751, 753 [2008]).

We agree with petitioner on his cross appeal, however, that

the court erred in validating five ballots, four of which were in favor of Kadet. Although five votes were recorded on the statement of canvass, designated as exhibit I-3, in District No. 14 of the City of Buffalo for Independence Party candidates, the poll book establishes that only two Independence Party voters signed the registration poll records. We agree with petitioner that the failure of three of the five voters to sign the registration poll records requires the invalidation of all five of those ballots (*see generally* NY Const, art II, § 7; Election Law § 8-304; *Matter of DeSapio v Koch*, 14 NY2d 735, 736 [1964]). Similarly, the one vote for Kadet recorded in District No. 29 of Tonawanda, on the ballot designated as exhibit F-1, must be invalidated because the poll book establishes that no Independence Party voters signed the registration poll records.

We further conclude that four other ballots "contain irregular markings" and thus must be invalidated (*Matter of Alessio v Carey*, 49 AD3d 1147, 1148 [2008], *lv denied* 10 NY3d 803 [2008]). Pursuant to Election Law § 9-112 (1) (d), "[t]he whole ballot is void if the voter . . . makes any mark thereon other than a cross X mark or a check V mark in a voting square, or filling in the voting square . . . ." "[E]xtraneous marks on ballots that could serve to distinguish the ballot or identify the voter, as opposed to inadvertent marks, will render a ballot blank as to the relevant office if the mark[s are] confined to the voting square pertaining to that office, or render a ballot invalid as a whole if the mark[s] appear[ ] outside of the voting square" (*Matter of Brilliant v Gamache*, 25 AD3d 605, 606-607 [2006], *lv denied* 6 NY3d 783 [2006]). In addition, a ballot is invalid where "the voter marks more names than there are persons to be elected or nominated for an office, or elected to a party position, or makes a mark in a place or manner not herein provided for" (Election Law § 9-112 [6]). On the first of those four ballots, designated as exhibit C, Kadet's name was handwritten in two separate write-in boxes. In addition, the voting oval in the box in which Kadet's name properly appears was not filled in, and an oval mark was drawn next to one of the handwritten names of Kadet. On the second and third of those ballots, designated as exhibits G and H, respectively, a notation was written on the write-in line in a box underneath Kadet's name, and similar notations were written underneath the names of other candidates. On the fourth of those ballots, designated as exhibit L, the name of a person other than Kadet was written below petitioner's box in the County Comptroller column, and the oval for Kadet was filled in.

We therefore modify the order by invalidating those ballots and by providing that 935 votes were cast for petitioner and 923

votes were cast for Kadet. Present—Smith, J.P., Peradotto, Green, Pine and Gorski, JJ.