— In a proceeding, inter alia, pursuant to Election Law article 16 to validate an independent nominating petition nominating Eliseo Santos as a candidate of the “Education Party” in a general election to be held on November 7, 2017, for the public office of Mayor of the City of New York, and to investigate the canvassing of ballots for the nomination of the candidate of the Reform Party for that office in a primary election held on September 12, 2017, the petitioner appeals from a final order of the Supreme Court, Queens County (Hirsch, J.), dated September 26, 2017, as amended October 2, 2017, which, in effect, denied the petition, inter alia, to validate, and dismissed the proceeding.
 

 Ordered that the final order, as amended, is affirmed, without costs or disbursements.
 

 On September 5, 2017, the respondent, Board of Elections in the City of New York (hereinafter the Board), invalidated the independent nominating petition of the petitioner, Eliseo Santos, in which he sought to place his name on the ballot as a candidate of the “Education Party” in a general election to be held on November 7, 2017, for the public office of Mayor of the City of New York. On September 19, 2017, the petitioner commenced the instant proceeding to validate his independent nominating petition and to investigate the canvassing of ballots for the nomination of the candidate of the Reform Party for that office in a primary election held on September 12, 2017. In a final order dated September 26, 2017, as amended October 2, 2017, the Supreme Court, in effect, denied the petition, inter alia, to validate, and dismissed the proceeding. The petitioner appeals.
 

 The Supreme Court properly denied that branch of the petition which sought to validate the petitioner’s independent nominating petition on the ground that the petition was not timely filed (see Election Law §§ 16-102 [2]; 6-158 [9]; Matter of Gangemi v Board of Elections in the City of N.Y., 109 AD3d 541, 542 [2013]).
 

 The Supreme Court also properly denied that branch of the petition which sought to investigate the canvassing of ballots for the nomination of the candidate of the Reform Party on the ground that the petitioner failed to join the candidate who won that nomination as a necessary party to the proceeding (see CPLR 1001 [a]; Matter of Ullman v Power, 17 AD2d 792 [1962], affd 12 NY2d 724 [1962]).
 

 The petitioner’s remaining contentions are without merit.
 

 Hall, J.P., Cohen, Barros and Christopher, JJ., concur.