In the Matter of Ross J. DI LORENZO, Petitioner, against WILLIAM J. HEFFERNAN et al., Constituting the Board of Elections of the City of New York, et al., Respondents.

Supreme Court, Special Term, Kings County, October 1, 1946.

*Harry M. Alfert* for petitioner.

*George A. Eilperin* for Joseph E. Parisi, respondent.

C. A. JOHNSON, J. The petitioner seeks an order declaring the validity of a nominating petition heretofore filed in the office of the Board of Elections for his nomination as a candidate of the Liberal Party for the office of State Senator in the 14th Senatorial District, Kings County, New York.

On or about September 7, 1946, a nominating petition was filed with the Board of Elections wherein the petitioner was named as a candidate of the Liberal Party for State Senator, 14th Senatorial District. On or about the same date another petition was filed wherein one Mathias Naphtali was named as

a candidate of the Liberal Party for the same office of State Senator, 14th Senatorial District. Neither of these petitions was supported by the requisite number of valid signatures and different committees to fill vacancies were named in each petition. Thereafter Naphtali declined the nomination and the committee on vacancies named in his petition designated or attempted to designate the petitioner as the candidate of the Liberal Party for the office of State Senator, 14th Senatorial District. The Board of Elections has declared both petitions invalid and the petitioner in bringing this proceeding argues that he is entitled to have the two petitions treated as one and to have his name restored to the ballot because if the two petitions are so treated as one his nomination for the office in question will be supported by a sufficient number of valid signatures.

The authority of the committee to fill vacancies is derived from section 139 of the Election Law which insofar as material reads as follows: "A vacancy in a designation or nomination, caused by declination, * * * may be filled by the making and filing of a certificate * . * *. A vacancy in a designation or independent nomination * * * may be filled by a majority of the committee to fill vacancies shown upon the face of the petition or certificate of the designation or nomination in which the vacancy occurs * * *."

The statute would seem to imply the existence of a valid independent nomination in which a vacancy has occurred as a prerequisite to any valid action on the part of the committee to fill vacancies. Subdivision 6 of section 2 of the Election Law defines the term "nomination" as "the selection in accordance with the provisions of this chapter of a candidate for an office authorized to be filled at an election at which official ballots are used." In this instance the Naphtali petitions were ineffective to accomplish the selection of a candidate for office in accordance with the provisions of the Election Law. There was accordingly no vacancy in a nomination and the committee to fill vacancies named in the Naphtali petitions had no further authority to act. *Matter of Garside* v. *Cohen* (265 N. Y. 606), relied upon by petitioner, deals with an entirely different state of facts and has no application to the present issue. The petition is accordingly dismissed. Submit order.