In the Matter of JOHN ENGLISH et al., Petitioners, against THOMAS J. CURRAN, as Secretary of State of the State of New York, Respondent.

Supreme Court, Special Term, Montgomery County, September 2, 1954.

*Raymond C. Bonk* for petitioners.

*Nathaniel L. Goldstein, Attorney-General (John C. Crary, Jr.,* of counsel), for respondent.

*David B. Alford* and *Melvin Lynes* for Schoharie County Board of Elections.

*Kelsie E. Mead* for Schenectady County Board of Elections.

*George V. Palmer* for Richard Ehrlich.

AULISI, J. The petitioners seek an order directing the Secretary of State to accept for filing a certificate filling the vacancy in the designation made by the Democratic county committee of the County of Schenectady for the office of State senator for the Thirty-eighth Senatorial District. The petitioners, John English and William L. Mayotte, are respectively the chairman and secretary of the said Democratic county committee and constitute the majority of the committee on vacancies named in designation petitions filed with the Secretary of State.

The facts here are undisputed. Following the reapportionment of the senatorial districts of the State of New York, the Thirty-eighth District was so reconstituted as to contain two counties, Schenectady and Schoharie. Schenectady County had been represented in the Senate for many years by Thomas F. Campbell, a Republican. The petitioner, John English, states

that in a telephone conversation with the chairman of the Schoharie County Democratic committee he received assurance that the Schoharie chairman would agree to the indorsement of Campbell. Accordingly at a meeting of the Schenectady County Democratic committee held on July 19, 1954, a resolution was duly adopted by 206 affirmative and 6 negative votes to indorse the Republican incumbent, Thomas F. Campbell, for the office of State senator for the Thirty-eighth Senatorial District to be voted for at the primary election of September 14, 1954. Thereafter, the Schoharie County Democratic committee indorsed Richard Ehrlich who is an enrolled Democrat, and a petition was filed by him. On August 10, 1954, an authorization signed by John English and William L. Mayotte, as chairman and secretary, certifying to the indorsement of Thomas F. Campbell for said office, the latter's certificate of acceptance and a designating petition containing the names of more than 2,000 enrolled Democrats were filed with the Secretary of State of the State of New York. On August 13, 1954, a written objection was filed by George V. Palmer, an enrolled Democrat of Schenectady County, to the petition and certificate of designation of Campbell, and thereafter on August 18, 1954, Palmer filed specifications of his objections. These objections to the authorization certificate and petition of Thomas F. Campbell as candidate for State senator in the Democratic primary were sustained by the Secretary of State on August 24, 1954. The petitioners, as the majority of the committee on vacancies named on the Campbell petition at a regular meeting of said committee held on August 26, 1954, nominated one Benjamin Wollner, a Democrat, as designee of the Schenectady County Democratic committee to fill the vacancy caused by the disqualification of Thomas F. Campbell. This is the certificate filling the vacancy in the designation that the petitioners seek to have filed with the Secretary of State.

It is the respondent's contention that the Campbell designating petition was invalid and void *ab initio* and that the committee on vacancies named therein has no right or authority to file a new certificate of designation or of substitution. Section 137 of the Election Law, commonly known as the Wilson-Pakula Law, provides under subdivision 1 that: " No petition for the purpose of designating any person as a candidate for party nomination at a primary election shall be valid unless the person so designated shall be enrolled as a member of the party referred to in said designating petition at the time of the filing of the petition." Subdivision 4 states: " Notwithstanding the

provisions of subdivisions one * * * of this section, at a meeting of the members of the party committee representing the political subdivision of the office for which a designation or nomination is to be made, or of such other committee as the rules of the party may provide * * * by a majority vote of those present at such meeting provided a quorum is present, such committee may authorize the designation or nomination of a person as candidate for any office who is not enrolled as a member of such party * * *. The certificate of authorization shall be signed and acknowledged by the presiding officer and the secretary of the meeting at which such authorization was given.''

In the present instance the political subdivision involved was the Thirty-eighth Senatorial District comprising the counties of Schenectady and Schoharie. Paragraph 3 of the by-laws and regulations of the Democratic party of the State of New York as amended states in part as follows:

'' Where a political subdivision is coterminous with or less than the limits of, but wholly within an entire county, the members of the county committee from such political subdivision shall constitute the committee in and for such political subdivision.

'' If the political subdivision consists of more than one county the district committee for such subdivision shall be composed of the chairman of the county committee of the various counties or parts of counties situated within the political subdivision.''

Therefore, under the by-laws and regulations of the Democratic State committee, the district committee for the Thirty-eighth Senatorial District consisted of the two county chairmen. I do not agree with the respondent that a formal meeting of the two should have been called, but mutual consent to the indorsement could be arrived at by other means and if nothing further had been done, the telephone agreement would have been sufficient, but the statute provides that this agreement must result in a written certificate of authorization which must be filed with the Secretary of State. If that had been done, then the later actions of the Schoharie County chairman in not indorsing Campbell would not have prevented the acceptance of the filing of the Campbell petition.

Search reveals nothing in the Election Law which permits disapproval and rescission by a political committee when once a designation of a person has been made by such political party or political committee and such designee has formally accepted such designation. (*Matter of Smith* v. *Board of Elections,* 196 **Misc.** 109.)

Here, however, the Campbell designation clearly indicates that it was solely the act of the Schenectady County committee and the certificate of acceptance as filed refers to the " *designation tendered me by the Democratic party of the County of Schenectady* ". It was upon this authorization that the designating petition was filed and the petitioners named therein as the committee on vacancies. This petition was not void *ab initio* as claimed by the respondent, but voidable only in the event that a certificate of authorization was not filed later than three days after the last day to file such designating petition and certificate of nomination. (Election Law, § 137, subd. 4; *Matter of Andrews* v. *Heffernan,* 189 Misc. 274, affd. 272 App. Div. 962.) Until the expiration of that time the designating petition of Campbell was valid.

After the expiration of the statutory filing period, however, the designating petition, until then voidable, became void and section 140 of the Election Law covering the filling of vacancies in designations would seem to imply the existence of a valid designation petition as a prerequisite to any valid action on the part of the committee to fill vacancies. Here the petition being ineffective to accomplish the designation of Campbell there was accordingly no vacancy to fill and the committee had no further authority to act.

I am of the opinion that in filing the petition, authorization and acceptance, Messrs. English and Mayotte acted in good faith. They had not only the almost unanimous approval of the Schenectady County Democratic committee, but also the verbal assurance of the chairman of the Schoharie County Democratic committee for the Campbell candidacy. No ulterior motive can be charged to the petitioners and I am satisfied that they were motivated solely by a desire to carry out the wishes of a substantial majority of the voters of their party and to return to office a public official who had served the people faithfully and well for many years.

The language of the statute, however, is clear and definite. It does not itself require construction and therefore no discretion is left for the court. The petitioners and members of the Democratic party who wish to vote for Mr. Wollner are not denied that right because they can still do so by writing his name upon the primary ballot at the primary election. If they are sufficiently interested to make him the nominee they can vote for him even though his name is not printed on the ballot.

The prayer for relief demanded by the petitioners is, therefore, denied, without costs.