Milton M. Wecht, J.
The petitioner is the Assemblyman representing the Sixteenth Assembly District in Kings County and is the regular Democratic designee to be voted for in the Democratic party primary election to be held June 2, 1964. Respondent Bader has also been designated for the same office by a petition filed with the Board of Elections on or before April 28, 1964. By an order to show cause petitioner now seeks (1) to nullify said designation of Bader, (2) to prohibit his committee on vacancies to substitute another designee, and (3) to restrain the Board of Elections from printing and placing the name of such substituted designee upon the official ballot of such primary election.
Until April 1, 1964 respondent was a duly registered Democrat and voted from the Nineteenth Election District of the Thirteenth Assembly District in Queens County. On that date he transferred his registration to the Ninetieth Election District of the Sixteenth Assembly District in the County of Kings. By Election Day, November 3, 1964, he will have been a resident of his new district for just about seven months. But such short residence even though a citizen of the United States and a resident of the State of New York for five years, does not qualify him to serve in the Legislature, for section 7 of article III of the New York State Constitution provides that: “No person shall serve as a member of the legislature unless he * * * has been a resident * * * of the assembly * * * district * * * for the twelve months immediately preceding his * * * election.” While this prohibition applies only to service in the Legislature, and omits any reference to election, yet the courts have construed this provision in the Matter of Lindgren (232 N. Y. 59, 64) when it said: “A person to be nominated under the Election Law must be one who, at the time of his election, can take and hold his office.” To the same effect should be cited, Matter of Burns v. Wiltse (303 N. Y. 319, 325); Schnee v. Cohen (N. Y. L. J., Sept. 7,1940, p. 549, col. 1). Since respondent does not meet the qualifications set forth in the Constitution, his declination, which he had already filed, should be accepted.
We now come to the second objection — to prohibit the committee on vacancies to substitute another designee. The func *247 tion of the committee on vacancies is set forth in section 140 of the Election Law, which provides that: 1. “ A vacancy in a designation * * * caused by declination, where a declination is permitted by this article, or by the death or disqualification of the candidate * * * 2. * * * may be filled by a majority of the committee to fill vacancies shown upon the face of the petition ’ ’. That the respondent had a right to decline and that his declination was properly executed (Election Law, § 139) is not disputed. That he was disqualified to be nominated is also not disputed. But, nowhere is there any prohibition against a substitution by the committee on vacancies under the circumstances of this case. Those that signed the petition were cognizant of such committee, which had the right to substitute in case of a declination, in case of death or in case of disqualification. Each voter had the right to name the designee and the right to name the committee on vacancies to act for him. They had enough confidence in this committee to know and expect from it a qualified candidate. If it was not this one, it would be another. If they were not so disposed, they could have and might have signed petitioner’s petition. They wanted another designee, and to prohibit the committee from substituting would deprive the many signers of this petition of their proper right of suffrage.
There are cases which prohibit a substitution, but those involved the petition itself, not the designee. For instance, in Marcatante v. Lundy (8 Misc 2d 313, 316) the court took judicial notice of the fact ‘ ‘ that there was no such public office * * * by which [the candidate] was designated in the nominating petition ’ ’. The Court of Appeals in 3 N Y 2d 913 specifically referred to the defective petition as outlined in the dissenting opinion of the Appellate Division (4 A D 2d 883). In Di Lorenzo v. Heffernan (187 Misc. 766, 767) the petitioner attempted to combine two defective petitions into one good one and the court held that the 11 petitions were ineffective to accomplish the selection of a candidate ’ ’. In Matter of English v. Curran (206 Misc. 709) the substitution was not allowed because the authorization was not timely filed. In Matter of Carney (Power) (N. Y. L. J., Sept. 6,1957, p. 9, col. 3) the substitution was disallowed because the petition was improper, since the designee was not an enrolled member of the party which designated him (Election Law, § 137, subd. 1). All these cases covering the filling of vacancies in designations would seem to imply the existence of a valid designating petition as a prerequisite to any valid action on the part of the committee to fill vacancies (Di Lorenzo v. Heffernan, *248 supra, and Matter of English v. Curran, supra). Since there was no claim nor proof that the petition itself was improper, the committee does have the right to substitute.
This conclusion finds support in Matter of Blinn (N. Y. L. J., Oct. 23, 1940, p. 1220, col. 1) where the petitioner used the very argument as in the case at bar, that ‘ inasmuch as the original designation was void there can be no substitution.” Special Term rejected this argument and permitted the substitution, citing Matter of Naught on (218 App. Div. 741, affd. 243 N. Y. 619). The Appellate Division in the Second Department affirmed (260 App. Div. 884) Special Term in the Blinn matter and also rejected the contention of the petitioner that since there was no original valid designation, that a substitution predicated thereon could not be made.
In view of the foregoing it is the opinion of this court that the committee on vacancies was empowered to substitute another candidate for the disqualified respondent and that the Board of Elections is authorized to print and place the name of such substituted designee upon the official ballot of the primary election to be held June 2,1964.