■ In the Matter of WILLIAM J. PEDERSON, Respondent, v MARTIN M. PSATY, Appellant, and THE BOARD OF ELECTIONS OF THE CITY OF NEW YORK, Respondent.—In a proceeding, *inter alia,* to invalidate a petition designating Martin M. Psaty as a candidate in the Democratic Party primary election to be held on September 14, 1976 for the public office of State Assemblyman, 30th Assembly District, the appeal is from a judgment of the Supreme Court, Queens County, dated August 20, 1976, which, *inter alia,* granted the application. Judgment affirmed, without costs or disbursements, on the opinion of Mr. Justice Kassoff at Special Term. Latham, Acting P. J., Cohalan, Margett, Rabin and Shapiro, JJ., concur.

## SECOND DEPARTMENT, SEPTEMBER, 1976

### (September 1, 1976)*

■ In the Matter of LENA MARLEY, Appellant, v ELMER HAMILTON et al., Constituting the Committee to Fill Vacancies, et al., Respondents.—In a proceeding to invalidate a petition designating Elmer Hamilton as a candidate in the Democratic Party primary election to be held on September 14, 1976, for the public office of State Assemblyman from the 54th Assembly District, Kings County, the appeal is from so much of a judgment of the Supreme Court, Kings County, entered August 30, 1976, as directed the board of elections to print on the ballot for the afore-mentioned primary election, such other candidate for the public office in question as is designated by the Committee on Vacancies which proferred Elmer Hamilton. Judgment affirmed insofar as appealed from, without costs or disbursements. Section 140 of the Election Law provides, *inter alia,* that "1. A vacancy in a designation * * * caused * * * by the * * * disqualification of the candidate * * * 2. * * * may be filled by a majority of the committee to fill vacancies shown upon the face of the petition". In this case, the designee was disqualified by reason of his nonresidence in the assembly district in question, but the petition was otherwise valid. Under the circumstances, the Committee on Vacancies was properly empowered by Special Term to fill the vacancy (see *Matter of Grieco v Bader,* 43 Misc 2d 245, affd 21 AD2d 751; *Matter of Blinn,* NYLJ, Oct. 23, 1940, p 1220, col 1, affd 260 App Div 884). Latham, Acting P. J., Cohalan, Margett, Rabin and Shapiro, JJ., concur.