OPINION OF THE COURT
 

 Memorandum.
 

 The order insofar as appealed from should be affirmed, without costs. Respondent candidate was disqualified as a candidate in the Democratic primary election for the office of State Senator on a finding that he did not comply with the residency requirements of section 7 of article III of the State Constitution. No challenge was made to the signatures on the designating petitions themselves, and the petitions were validated insofar as they designated a committee to fill vacancies. Special Term declined to find fraudulent design in the residency errors and the Appellate Division unanimously affirmed. In these circumstances disqualification of a candidate does not invalidate the filed petitions as such
 
 in toto,
 
 and they remain valid to permit the named committee to fill vacancies
 
 *796
 
 to make an appropriate substitution (Election Law, § 6-148, subd 2). Where as here, a candidate is disqualified but there is no finding that either the petition or petition gathering process is tainted by fraud, the committee is empowered to make this substitution (see
 
 Matter of Grieco v Bader,
 
 43 Misc 2d 245, affd 21 AD2d 751;
 
 Matter of Marley v Hamilton,
 
 55 AD2d 864, mot for lv to app den 40 NY2d 801). Where, on the other hand, the designating petition itself is "invalid”, the result will be different (see
 
 Matter of Fotopoulos v Board of Elections,
 
 45 NY2d 807 [decided herewith]).
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
 

 Motion for leave to appeal granted (August 30, 1978). Order affirmed, without costs.