■ In the Matter of ELLEN M. LARSEN, Respondent, v WILLIAM CANARY et al., Respondents, and ALBERT KRUPSKI, JR., Appellant. — In a proceeding pursuant to article 16 of the Election Law, Albert Krupski, Jr., appeals from a judgment of the Supreme Court, Suffolk County (Baisley, J.), dated November 21, 1984, which, *inter alia,* in effect, declared that petitioner Ellen M. Larsen was elected Trustee of the Town of Southold.

Judgment reversed, on the law, without costs or disbursements, and matter remitted to the Suffolk County Board of

Elections for the purpose of conducting a canvass of the ballots in accordance herewith.

Petitioner Ellen M. Larsen was a candidate for the office of Trustee of the Town of Southold in the general election held on November 6, 1984. By order to show cause and petition, both dated November 7, 1984, she commenced this proceeding seeking, *inter alia,* "a recanvass and account of the votes and ballots". In her petition, she alleged, *inter alia,* that a preliminary canvass of the ballots cast, with several districts not counted, showed her to be behind her opponent, Albert J. Krupski. The unofficial tally, according to the petitioner, was Larsen — 4,974 votes, Krupski — 5,004 votes. The petition further alleged, upon information and belief, that the foregoing vote canvass was inaccurate, and that there was, among other improprieties, a failure to count certain absentee ballots. In light of the narrow margin, petitioner Larsen requested that all ballots be impounded, and that a recanvass be conducted "under the official jurisdiction of this Supreme Court".

Krupski, by his attorney, originally opposed the foregoing application, noting that the board of elections had, in furtherance of its duty, impounded the ballots and planned to canvass them, with both parties present, on November 15, 1984. Accordingly, Krupski's attorney stated that petitioner's request for a canvass by the court was premature. However, Larsen and Krupski later stipulated that a court-supervised canvass was not premature, and, on November 16 and 19, Special Term conducted such a canvass. (The board of elections did not conduct its canvass.) On November 16, the court conducted a count of various paper ballots which had been counted by the inspectors of election, and then, on November 19, the court conducted a count of certain ballots which had not been previously counted. In the course of this procedure, the court made rulings as to the validity of various affidavit and absentee ballots. The court then granted a judgment which, *inter alia,* decreed that Krupski had received 5,100 votes and petitioner Larsen had received 5,104 votes, thereby making Larsen the elected Trustee of the Town of Southold. This appeal ensued.

A reversal is necessary because Special Term acted without jurisdiction in conducting a canvass of the ballots before the board of elections had conducted its canvass. The Election Law contains specific provisions relating to the canvassing of votes. Election inspectors are required to canvass all machine votes, as well as those paper ballots which are cast at the polling places (Election Law, § 9-100 *et seq.*). The inspectors of election must

then prepare a return of canvass (Election Law, § 9-120). Thereafter, the board of elections must conduct a canvass of the votes (Election Law, § 9-206 *et seq.*) and, upon completion of that task, must determine the person elected (Election Law, § 9-212).

In this case, Special Term conducted its review of the ballots before the board of elections had conducted its official canvass. Although the attorneys for the candidates stipulated that this procedure was not premature, their stipulation cannot bind the board of elections. Furthermore, the presence of the commissioner and certain assistant commissioners of the board of elections, with counsel, at the hearing conducted by Special Term, does not represent a waiver of the board's right to conduct an independent canvass. Indeed, the board not only has the right, but the statutory duty, to conduct its own canvass, without judicial intervention, and that duty cannot be abdicated. Accordingly, the matter is remitted to the Suffolk County Board of Elections in order to afford it an opportunity to canvass the votes independently, and determine the winner, in accordance with its statutory duty. Either candidate may, if so advised, commence a proceeding as to that canvass after the board has made its determination (Election Law, § 16-106). Titone, J. P., O'Connor, Rubin and Lawrence, JJ., concur.