OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, without costs, and the matter remitted to Supreme Court, New York County, with directions to remand to respondent Board of Elections in the City of New York for further proceedings in accordance with this memorandum.
 

 At a primary election held on September 13, 1994, petitioner Anne-Renee Testa and respondent John Ravitz were the two candidates for the nomination of the Liberal Party candidate for Member of Assembly from the 73rd Assembly District. Testa was a write-in candidate, and Ravitz had been designated by the Liberal Party.
 

 Following the primary, petitioners commenced this proceeding under article 16 of the Election Law seeking a judicial determination of the winner or, in the alternative, an order directing the holding of a new primary pursuant to Election
 
 *895
 
 Law § 16-102 (3). The proceeding was adjourned pending the filing of the tabulated statements by the Board of Elections setting forth the results of the voting. Ultimately, Supreme Court was advised that the Board of Elections had not signed the required statements and that, because its members were unable to agree, no majority decision would be available. That court was further advised that the Board of Elections’ vote was 4 to 4, with two members not present. The issue is whether a vacancy in a nomination is created within the meaning of Election Law § 6-148, where such “vacancy” results from the failure of the Board of Elections to fulfill its statutory duty under Election Law § 9-200 (1) to canvass the primary ballots and file tabulated statements setting forth the voting results. We conclude that no vacancy is created.
 

 Under Election Law § 6-148, a valid nomination is a prerequisite to the creation of a vacancy
 
 (see, Matter of Di Lorenzo v Heffernan,
 
 187 Misc 766,
 
 affd
 
 271 App Div 802,
 
 affd
 
 296 NY 687). Here, as a result of the Board of Elections’ failure to act, no valid nomination has been made in accordance with the provisions of the Election Law. Thus, no vacancy has been created within the meaning of Election Law § 6-148.
 

 We also note that Supreme Court correctly concluded that it lacks jurisdiction to conduct its own canvass of the ballots and determine a winner before the Board of Elections has conducted its canvass
 
 (Matter of Larsen v Canary,
 
 107 AD2d 809,
 
 affd for the reasons stated below
 
 65 NY2d 634). The Board of Elections has a statutory duty to canvass the ballots and file tabulated statements of the voting results (Election Law § 9-200 [1]), and such duty cannot be abdicated
 
 (Larsen, supra,
 
 at 811).
 

 Moreover, the failure of the Board of Elections to fulfill its statutory duty does not warrant an order directing the holding of a new primary election. Election Law § 16-102 (3) authorizes the court to direct the holding of a new primary “where it finds there has been such fraud or irregularity as to render impossible a determination as to who rightfully was nominated”
 
 (id.).
 
 Because Supreme Court lacks jurisdiction to examine the ballots and conduct its own canvass prior to the Board of Elections conducting its canvass, that court similarly lacks jurisdiction to conduct such an examination for the purpose of ascertaining whether it is impossible to determine who was rightfully nominated. The proceeding is premature in either case. Pursuant to Election Law § 16-106 (4), Supreme Court should remand the matter to the Board of Elections,
 
 *896
 
 and direct it to perform its statutory duty to canvass the ballots and file the requisite tabulated statements.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur in memorandum.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, etc.