(September 6, 2002)

■ In the Matter of PEDRO ESPADA, JR., et al., Appellants, v RUBEN DIAZ et al., Respondents, et al., Respondent. [747 NYS2d 8]

All of the facts confirmed by Justice Seewald spell out fraud. Petitioner's application to invalidate the designating petitions of Raysa Castillo as a Democratic candidate for State Senate, 32nd Senatorial District in the Democratic Party primary election was granted, citing *People v O'Hara* (96 NY2d 378).

In its memorandum decision dated August 17, 2002, the Supreme Court found, among other things, the following:

"In June 2002, Ms. Castillo claimed to have moved into apartment 6B at 2255 Cruger Avenue. She thereafter leased an apartment at that address on August 9, 2002, with an effective date of August 1, 2002. This lease was executed after the time to circulate petitions had expired, despite the fact that Ms. Castillo's designating petition stated her address as 2255 Cruger Avenue.

"In analyzing the residency issue, the Referee pointed out that Ms. Castillo voted from a Manhattan address in September, October and November 2001, which belied her claim of being a Bronx resident during that period. Moreover, Ms. Castillo did not transfer her enrollment to the Riverdale Address where she claimed to be a resident from June 2001.

"In fact, Ms. Castillo transferred her enrollment from the Manhattan address to 2255 Cruger Avenue in June 2002, but

did not have her own apartment. Rather, at that time she periodically stayed with her friend, Ms. Cherenfant.

"The Court agrees with the Special Referee that Ms. Castillo did not manifest an intent to live in the Bronx for the entire twelve month period. As the Referee stated, 'mere intent to secure an apartment at that address, without a true physical presence does not suffice'. Significantly, the testimony elicited before the Referee showed Ms. Castillo did not have a key to her friend's apartment 6B at 2255 Cruger Avenue. * * * "As the Referee concluded, Ms. Castillo failed to show a manifest intent, coupled with a physical presence, to make 2255 Cruger Avenue her residence as of June 2002, under the Court of Appeals decision in *People v O'Hara* [96 NY2d 378]."

In *Matter of Owens v Sharpton* (45 NY2d 794, 796), the Court of Appeals stated "Where * * * there is no finding that either the petition or petition gathering process is tainted by fraud, the committee is empowered to make this substitution * * *. Where, on the other hand, the designating petition itself is 'invalid', the result will be different." In this case, given all of the facts with regard to Castillo's voting in another county, signing a lease which was effective August 2002 and admitting to use of the apartment as a device to obtain a colorable residence in the Senatorial District, we find that the petition is tainted by fraud.

While the dissent points out that an explicit finding of fraud was not made in the court's prior decision, the findings of fact are so consistent with a fraudulent intent as to make the use of the word "fraud" unnecessary. Any other conclusion would be tantamount to ignoring the underlying factual findings of the court. Concur—Andrias, Buckley and Lerner, JJ.

Mazzarelli, J.P., and Sullivan, J., dissent in a memorandum by Sullivan, J., as follows: In disqualifying the candidacy of Raysa Castillo and granting the application to invalidate her designating petitions, the court in its "decision and judgment" dated August 17, 2002, never appealed, limited its holding to a finding that "[a]s the Referee concluded, Ms. Castillo failed to show a manifest intent, coupled with a physical presence, to make 2255 Cruger Avenue her residence as of June 2002." Thus, despite the fact that the petition challenging the designating petition specifically raised the issue of fraud, there was no explicit finding of fraud. Indeed, in the Supreme Court's most recent judgment entered September 4, 2002, the court, in clarifying its original determination, stated that in the invalidating proceeding against Raysa Castillo, "[t]he referee, in his report, made no finding of fraud, and neither did this

[c]ourt in confirming that report. Moreover, this [c]ourt fails to find a 'fraudulent design' or a deliberate intent to deceive on the part of candidate Castillo on the matter of her purported residence address." "Where as here, a candidate is disqualified but there is no finding that either the petition or petition gathering process is tainted by fraud, the committee is empowered to make this substitution." (*Matter of Owens v Sharpton*, 45 NY2d 794, 796.)

The September 4, 2002 judgment stated that inasmuch as the court "had invalidated only the designating petitions as they related to candidate Castillo and not the entire petition, the designating petitions remain valid insofar as they designated a Committee to Fill Vacancies * * *." Accordingly, there is no basis to invalidate the substitution.

The judgment should be affirmed.