(January 18, 2008)

In the Matter of George P. Alessio, Jr., Respondent, v Paul G. Carey, Appellant, and Helen M. Kiggins et al., Respondents. (Appeal No. 1.) [851 NYS2d 749]—

Appeal from an order of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered December 14, 2007 in a proceeding pursuant to Election Law article 16. The order granted the petition in part and directed respondent Onondaga County Board of Elections to count three absentee ballots cast in petitioner's favor for the office of Town Justice in the Town of Salina.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion to dismiss the petition is granted and the petition is dismissed.

Memorandum: In appeal No. 1, Paul G. Carey (respondent) appeals from an order granting the petition in part and directing respondent Onondaga County Board of Elections (Board) to count three absentee ballots cast in petitioner's favor in the November 6, 2007 general election for the office of town justice in the Town of Salina. The Board had invalidated those ballots and, pursuant to the relief granted by Supreme Court, petitioner gained a one-vote margin. In appeal No. 2, respondent appeals from an order denying his motion to reopen the hearing on the petition to enable the court to consider new evidence with respect to three affidavit ballots cast in the election that also allegedly had been invalidated by the Board. In appeal No. 3, respondent appeals from an order that, inter alia, denied his

motion to dismiss the petition for lack of subject matter jurisdiction.

The courts lack subject matter jurisdiction in election cases to conduct a canvass of ballots and to determine the winner of an election before the Board of Elections has performed its statutory duties pursuant to Election Law §§ 9-210 and 9-212 by conducting its official canvass, filing the requisite tabulated statements, and determining the person elected (*see Testa v Ravitz*, 84 NY2d 893, 895 [1994]; *Matter of Larsen v Canary*, 107 AD2d 809, 810-811 [1985], *affd* 65 NY2d 634 [1985]). Here, the petition alleged merely that the Board "*will* determine" that respondent would be the winner in the election and that any statement by the Board regarding the election was "to be made" in the future. Further, an affidavit submitted in support of the petition asserted that the "unofficial results" of the vote counting by the Board "appeared to give" respondent a lead.

Because the Board had not completed the performance of its statutory duties pursuant to Election Law §§ 9-210 and 9-212 prior to the filing of the petition, we conclude that the court lacked subject matter jurisdiction with respect to the petition. We therefore reverse the order in appeal No. 1 and grant respondent's motion to dismiss the petition. In view thereof, we dismiss as moot the appeal from the order in appeal No. 2 denying respondent's motion to reopen the hearing, and we dismiss the appeal from the order in appeal No. 3 inasmuch as that order was subsumed in the final order in appeal No. 1 (*see Hughes v Nussbaumer, Clarke & Velzy,* 140 AD2d 988 [1988]; *Chase Manhattan Bank, N.A. v Roberts & Roberts,* 63 AD2d 566, 567 [1978]; *see also* CPLR 5501 [a] [1]). We note, however, that "[e]ither candidate may, if so advised, commence a proceeding as to that canvass after the [B]oard has made its determination" (*Larsen,* 107 AD2d at 811). Present—Scudder, P.J., Hurlbutt, Lunn, Green and Gorski, JJ. [*See* 18 Misc 3d 1102(A), 2007 NY Slip Op 52381(U) (2007).]