[883 NE2d 352, 853 NYS2d 528]

In the Matter of GEORGE P. ALESSIO, JR., Appellant, v PAUL G. CAREY et al., Respondents.

Argued February 8, 2008; decided February 15, 2008

752

**APPEARANCES OF COUNSEL**

*Cote, Limpert & Van Dayke, LLP*, Syracuse (*Joseph S. Cote, III*, of counsel), for appellant.

*Bruce R. Bryan*, Syracuse, for respondent.

**OPINION OF THE COURT**

MEMORANDUM.

The order of the Appellate Division should be reversed without costs and the case remitted to that Court for the consideration of issues raised, but not determined, on the appeal below.

Contrary to the Appellate Division's view, Supreme Court did have subject matter jurisdiction over this special proceeding, brought pursuant to Election Law § 16-106 (5).

Petitioner was a candidate for Town Justice of the Town of Salina, supported by the Democratic and Working Families Parties. Respondent, who had the backing of the Republican, Independence, and Conservative Parties, was his opponent. The election was held on November 6, 2007. On November 13, the Board convened to canvass certain paper ballots, among them absentee ballots (*see* Election Law § 9-209). During that canvass-

ing, the Board invalidated seven absentee ballots, five in favor of petitioner, because those ballots contained intentional, extrinsic marks (*see* Election Law § 9-112).

Petitioner's representatives, who witnessed the November 13 canvassing, objected to the Board's decision. The Board considered their objection, but determined that the five disputed absentee ballots should remain invalidated. As a result, respondent unofficially prevailed in the election by a two-vote plurality. On November 21, petitioner filed a verified petition, seeking an order to show cause that, among other things, would require the Board to demonstrate why a "recanvassing" of the seven invalidated absentee ballots should not be conducted. On November 28, the petition was personally served on respondent.

Election Law § 16-106 vests Supreme Court with subject matter jurisdiction in a proceeding "instituted" by a "candidate" to "contest[ ]" "[t]he casting or canvassing or refusal to cast . . . void or canvass absentee . . . ballots" (Election Law § 16-106 [1]), provided that it is brought "within twenty days" after the "election" or the Board's "alleged erroneous . . . determination" (Election Law § 16-106 [5]). Here, the Board's alleged erroneous determination was its invalidation of the seven absentee ballots on November 13 and petitioner instituted this proceeding within 20 days of that determination. Since petitioner complied with Election Law § 16-106 (5), Supreme Court was vested with subject matter jurisdiction over this proceeding and with the authority to "direct a recanvass or the correction of an error" (*see* Election Law § 16-106 [4]).*

We disagree with the Appellate Division's conclusion that our decisions in *Testa v Ravitz* (84 NY2d 893 [1994]) and *Matter of Larsen v Canary* (107 AD2d 809 [1985], *affd for the reasons stated below* 65 NY2d 634 [1985]) control here. Those cases held that Supreme Court "lacks jurisdiction to conduct its own canvass . . . and determine a winner before the Board of Elections has conducted its canvass" (*see Testa*, 84 NY2d at 895; *see also Larsen*, 107 AD2d at 810 ["A reversal is necessary because Special Term acted without jurisdiction in conducting a canvass of the ballots before the board of elections had conducted its

---

* We note that Supreme Court may also have subject matter jurisdiction pursuant to Election Law § 16-106 (2), which authorizes a "voter" to "contest[ ]" the Board's "canvass of returns." Here, the petition alleges that petitioner "is now a qualified voter of Onondaga County . . . in the . . . Town of Salina." And it is undisputed that he is challenging the Board's November 13 canvass.

canvass"]). In contrast, this case involves no such interference with the Board's statutory authority to conduct a canvass in the first instance. It is undisputed that the canvass here was completed and thus, the above-cited precedents are inapposite.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur in memorandum.

Order reversed, etc.