(December 22, 2008)

■ In the Matter of PHILIP RAGUSA, Appellant, v BOARD OF ELECTIONS IN THE CITY OF NEW YORK et al., Respondents, FRANK PADAVAN, Appellant, and JAMES GENNARO, Respondent. [869 NYS2d 606]—

At a general election held on November 4, 2008 Frank Padavan and James Gennaro were the two candidates for the public office of State Senator for the 11th Senatorial District. Following the election, the Board of Elections in the City of New York (hereinafter the Board of Elections) began the review required by Election Law § 9-209. During the process, a dispute arose between the two Commissioners of the Board of Elections as to whether the parties had been given an opportunity pursuant to Election Law § 9-209 (2) (d) to make objections to the casting or refusal to cast approximately 1,700 ballots found by Board of Elections personnel to be preliminarily invalid. The

parties then brought a motion and cross motion in the instant proceeding asking the Supreme Court to resolve the dispute.

The Supreme Court should have denied the motion and cross motion as premature. Election Law § 16-106 vests the Supreme Court with subject matter jurisdiction in a proceeding to contest the "casting . . . or refusal to cast" certain ballots (Election Law § 16-106 [1]), provided that it is brought within 20 days after the election or the Board's "alleged erroneous . . . determination was made" (Election Law § 16-106 [5]; *see Matter of Alessio v Carey*, 10 NY3d 751, 753 [2008]). Here, the Board of Elections has not yet made a determination, as the Election Law also provides that "[a]ll actions of the board shall require a majority vote of the commissioners prescribed by law for such board" (Election Law § 3-212 [2]). Until the Board of Elections has made a determination whether to cast or refuse to cast the ballots in question, or is deadlocked on that issue, the Supreme Court does not have jurisdiction to intervene in the process (Election Law § 16-106 [1]; § 9-209 [2] [d]; *cf. Matter of Alessio v Carey*, 10 NY3d 751 [2008]). Mastro, J.P., Florio, Balkin and Dickerson, JJ., concur.