19-2526
*EH Fusion, et al. v. Suffolk Cty. et al.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of September, two thousand nineteen.

PRESENT:
>        JOHN M. WALKER, JR.,
>        SUSAN L. CARNEY,
>        RICHARD J. SULLIVAN,
>                *Circuit Judges.*

_____

EH FUSION PARTY, DAVID GRUBER, BONNIE BRADY, ELIZABETH A. BAMBRICK, RONA S. KLOPMAN, DELL R. CULLUM, RICHARD P. DREW, II, SUSAN M. VORPAHL, STEPHEN M. LESTER, DAVID TALMAGE, FALLON NIGRO, MICHAEL HAVENS, SIMON V. KINSELLA,

>        *Plaintiffs-Appellants,*

>        v.                                                  No. 19-2526

SUFFOLK COUNTY BOARD OF ELECTIONS, COMMISSIONER ANITA S. KATZ, COMMISSIONER NICK LALOTA,

>        *Defendants-Appellees.*[*]

_____

_____

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

FOR APPELLANTS:                                J. REMY GREEN, Cohen & Green,
                                               P.L.L.C., Ridgewood, N.Y.

FOR APPELLEES:                                 DANIEL E. FURSHPAN, Suffolk County
                                               Department of Law, Hauppauge, N.Y.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Matsumoto, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on August 13, 2019, is **AFFIRMED.**[1]

Plaintiffs-Appellants EH Fusion Party, David Gruber, Bonnie Brady, Elizabeth A. Bambrick, Rona S. Klopman, Dell R. Cullum, Richard P. Drew, II, Susan M. Vorpahl, Stephen M. Lester, David Talmage, Fallon Nigro, Michael Havens, and Simon V. Kinsella (together, "Plaintiffs") appeal from an order entered in the United States District Court for the Eastern District of New York (Matsumoto, *J.*) granting summary judgment in favor of Defendants-Appellees Suffolk County Board of Elections (the "Board"), Commissioner Anita S. Katz, and Commissioner Nick LaLota. The EH Fusion Party, a local political organization and "independent body" for the purposes of New York election law,[2] nominated the individual Plaintiffs, by independent petition, to run as candidates for various local elected offices in the Town of East Hampton. The Board declared the Plaintiffs' nominations null and void, however, when no Plaintiff complied with New York Election Law § 6-146. Section 6-146 requires certain candidates to timely file "signed and acknowledged" certificates of acceptance of their nomination. Section 6-146 imposes this

---

[1] Pursuant to our order dated August 20, 2019 (Dkt. 39), we considered this appeal on an expedited schedule and heard oral argument on September 4, 2019. On September 6, 2019, we issued an order (Dkt. 77) affirming the District Court's judgment and announcing that a summary order explaining our decision would follow. This summary order provides that explanation.

[2] An "independent body" is any nominating organization or group of voters that nominates a candidate for office and is not a "party." N.Y. Elec. Law § 1-104(12). Under the statute, a "party" means only a political organization that polled at least fifty thousand votes for its candidate for governor in the preceding gubernatorial race. *Id.* § 1-104(3).

requirement only on candidates nominated by independent bodies, multiple parties, or parties in which the nominees are not enrolled members. It does not apply to those who are nominated by a "party" in which they are enrolled members. *See supra* n.2.

Plaintiffs charge that Section 6-146 violates their First and Fourteenth Amendment rights by impermissibly discriminating against minor political bodies. The district court rejected the challenge, and Plaintiffs now appeal that ruling. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm the district court's judgment.

In brief, we identify no error in the district court's ruling, and affirm its grant of summary judgment for substantially the reasons set forth in its thorough and well-reasoned opinion and order. As the court pointed out there, this case is controlled by our decision in *Unity Party v. Wallace*, 707 F.2d 59 (2d Cir. 1983), in which we rejected a substantially identical challenge to the constitutionality of Section 6-146. In *Unity Party*, as here, the plaintiffs argued that the certificate of acceptance requirement of Section 6-146 "impermissibly burden[ed] their First and Fourteenth Amendment rights both of political association and voting," and also violated the Equal Protection Clause by "improperly discriminat[ing] against small political parties, candidates of those parties and those who support their candidates." *Id.* at 61. We acknowledged then that the burden imposed by Section 6-146 "falls somewhat more heavily upon independent and minor party candidates than on major party candidates." *Id.* at 63. Nevertheless, we determined that the burden was a minor one and was subject only to rational basis review for purposes of the plaintiffs' First Amendment and Equal Protection challenges. *Id.* at 62-63. The state demonstrated a rational basis for the requirement, we held, in its "legitimate, even compelling, interest in protecting the integrity and efficiency of its electoral process," which Section 6-146 furthers by preventing fraudulent nominations by petition from small independent bodies whose nominations are "not subject to the same public scrutiny" as those of major parties. *Id.* at 63.

Plaintiffs urge us to disregard our decision in *Unity Party*, contending that it gave insufficient consideration to the Supreme Court's then-recent decision in *Anderson v. Celebrezze*, 460 U.S. 780 (1983). In *Anderson*, the Court established the applicable standards

3

for judicial evaluation of First and Fourteenth Amendment challenges to state election laws. Although we rendered our *Unity Party* decision only weeks after the Court announced its decision in *Anderson*, we discussed *Anderson* in *Unity Party*, 707 F.2d at 61-62, and our decision is entirely consistent with the principles that *Anderson* established. In *Anderson*, the Supreme Court directed courts, when evaluating challenges to a state's election laws, to "consider the character and magnitude of the asserted injury to the rights protected by the First and Fourteenth Amendments" in relation to "the legitimacy and strength" of the "precise interests put forward by the State as justifications for the burden imposed by its rule." 460 U.S. at 789. This is precisely the analysis that we undertook in *Unity Party*.

Plaintiffs point to no intervening developments in either New York election law or U.S. constitutional law that give us cause to disturb our earlier conclusions. The burden imposed by Section 6-146 remains slight, as neatly illustrated in this case by the fact that all but three individual Plaintiffs successfully complied with this obligation with regard to their nominations by other parties and independent bodies in this same election cycle. App'x 360-70; 416-18. New York's strong interest in protecting its elections is unchanged. We therefore find Plaintiffs' arguments unpersuasive.

Finally, Plaintiffs shift their focus on appeal to argue that New York Election Law § 6-148, which allows for the substitution of nominees in certain circumstances, violated the Constitution by denying Plaintiffs the opportunity to remedy their failure to comply with Section 6-146. As a preliminary matter, we agree with the Board and the district court's interpretation of Section 6-148. The nominee substitution provision provides a route by which a new nominee may fill a "vacancy" on the ballot. N.Y. Elec. Law § 6-148. It may not be used to remedy a failure to comply with Section 6-146 because "a valid nomination is a prerequisite to the creation of a vacancy." *Testa v. Ravitz*, 84 N.Y.2d 893, 895 (N.Y. 1994). Since Plaintiffs were never validly nominated, there were no vacancies to fill. Plaintiffs' constitutional challenge to this interpretation of Section 6-148, raised only cursorily in the District Court, suffers the same deficiencies as does Plaintiffs' constitutional challenge to Section 6-146.

\* \* \*

4

We have considered Plaintiffs' remaining arguments and conclude that they are without merit. For the foregoing reasons, the District Court's judgment is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court
