Matter of 999 Hempstead Turnpike, LLC v Board of Appeals of the Town of Hempstead (2022 NY Slip Op 04721)

Matter of 999 Hempstead Turnpike, LLC v Board of Appeals of the Town of Hempstead

2022 NY Slip Op 04721

Decided on July 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2019-08746
2019-12377
 (Index No. 600534/19)

[*1]In the Matter of 999 Hempstead Turnpike, LLC, respondent, 
v
Board of Appeals of the Town of Hempstead, appellant.

Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., Garden City, NY (Joseph E. Macy and Daniel J. Evers of counsel), for appellant.
McLaughlin & Stern, LLP, Garden City, NY (Christian Browne of counsel), for respondent.
In a proceeding pursuant to CPLR article 78 to review a purported determination of the Board of Appeals of the Town of Hempstead which, after a hearing, denied the petitioner's application for a special exception permit and an area variance, the Board of Appeals of the Town of Hempstead appeals from (1) an order and judgment (one paper) of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), entered July 10, 2019, and (2) an order of the same court entered October 17, 2019. The order and judgment granted the petitioner's unopposed motion for leave to enter a default judgment, granted the petition, annulled the purported determination, and, in effect, directed the Board of Appeals of the Town of Hempstead to issue the requested special exception permit and area variance. The order denied that branch of the motion of the Board of Appeals of the Town of Hempstead which was to vacate the order and judgment.

DECISION & ORDER
Motion by the petitioner to dismiss the appeal from the order and judgment on the ground that no appeal lies from an order and judgment entered upon the default of the appealing party. By decision and order on motion dated September 9, 2020, the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is
ORDERED that the motion to dismiss the appeal from the order and judgment is granted; and it is further,
ORDERED that the appeal from the order and judgment is dismissed; and it is further, 
ORDERED that the order is reversed, on the law and in the exercise of discretion, that branch of the motion of the Board of Appeals of the Town of Hempstead which was to vacate the [*2]order and judgment is granted, the order and judgment is vacated, that branch of the petition which was to annul so much of the purported determination as denied the petitioner's application for a special exception permit is dismissed, and the matter is remitted to the Supreme Court, Nassau County, for a new determination of the remaining branch of the petition on the merits; and it is further,
ORDERED that one bill of costs is awarded to the appellant.
In 2018, the petitioner applied for a special exception permit and an area variance in connection with the construction of a self-storage facility. A hearing was held before the Board of Appeals of the Town of Hempstead (hereinafter the Board) on October 17, 2018. Pursuant to Town Law § 267-a(8), the Board must render a decision within 62 days after the close of the hearing. The Town Law also contains a default provision which provides that if the Board, in exercising its appellate jurisdiction, fails to render a decision within 62 days of the hearing, the application is deemed denied (see id. § 267-a[13][b]).
After the Board failed to render a determination within 62 days of the hearing, the petitioner commenced this CPLR article 78 proceeding. The petitioner, relying on Town Law § 267-a(13)(b), contended that its application had been denied by default and sought to annul the purported determination as being arbitrary and capricious. In an order and judgment entered July 10, 2019, the Supreme Court granted the petitioner's unopposed motion for leave to enter a default judgment, granted the petition, annulled the purported default determination, and, in effect, directed the Board to issue the requested special exception permit and area variance. Thereafter, the Board moved, inter alia, to vacate the order and judgment. In an order entered October 17, 2019, the court denied the motion. The Board appeals.
The Supreme Court improvidently exercised its discretion in denying that branch of the Board's motion which was to vacate the order and judgment. A proceeding to annul a determination by an administrative body "should not be concluded in the petitioner's favor merely upon the basis of a failure to answer the petition on the return date thereof, unless it appears that such failure to plead was intentional and that the administrative body has no intention to have the controversy determined on the merits" (Matter of Abrams v Kern, 35 AD2d 971, 972; see CPLR 7804[e]; Matter of Exxon Mobil Corp. v New York City Dept. of Envtl. Protection, 178 AD3d 696, 700; Matter of Ghiazza v Putnam County Dept. of Consumer Affairs, 75 AD3d 641, 643). Here, there was no evidence demonstrating a deliberate default by the Board (see Matter of Exxon Mobil Corp. v New York City Dept. of Envtl. Protection, 178 AD3d at 700; Matter of 1668 Realty Assoc. v Division of Hous. & Community Renewal, 191 AD2d 429, 430).
Further, that branch of the petition which was to annul so much of the purported determination as denied the petitioner's application for a special exception permit must be dismissed for lack of subject matter jurisdiction. Contrary to the petitioner's contention, its application for a special exception permit was not denied by default. The Board's failure to comply with the time period prescribed by Town Law § 267-a(8) only results in a denial by default when the Board exercises its appellate jurisdiction (see id. § 267-a[13][b]). The Board exercises its original jurisdiction in special exception cases (see Town of Hempstead Building Zone Ordinance §§ 267[D][2]; 272), and thus, there was no denial by default of the petitioner's application for a special exception permit (see Matter of Alper Rest. Inc. v Town of Copake Zoning Bd. of Appeals, 149 AD3d 1337, 1337). With no final determination having been rendered on the application for a special exception permit, that issue was not ripe for judicial review, and the Supreme Court lacked subject matter jurisdiction over that issue (see Matter of Village of Kiryas Joel v County of Orange, 181 AD3d 681, 686; Matter of Cornwall Commons, LLC v Town of Cornwall, 163 AD3d 810, 813-814; Matter of State of New York v Calhoun, 106 AD3d 1470, 1472-1473; Matter of Ragusa v Board of Elections in City of N.Y., 57 AD3d 807, 807). We note that ripeness "is a matter pertaining to subject matter jurisdiction which may be raised at any time, including sua sponte" (Matter of Agoglia v Benepe, 84 AD3d 1072, 1076; see 333 Cherry LLC v Northern Resorts, Inc., 66 AD3d 1176, 1178 n 3).
Additionally, the appeal from the order and judgment must be dismissed, as no appeal lies from an order and judgment entered upon the default of the appealing party (see CPLR 5511).
DILLON, J.P., DUFFY, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court