Matter of Crescent Beach, LLC v Town of Shelter Is. Town Bd. (2025 NY Slip Op 06858)

Matter of Crescent Beach, LLC v Town of Shelter Is. Town Bd.

2025 NY Slip Op 06858

Decided on December 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
DEBORAH A. DOWLING
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2023-10366
 (Index No. 615067/23)

[*1]In the Matter of Crescent Beach, LLC, respondent, 
vTown of Shelter Island Town Board, appellant.

Perillo Hill LLP, Sayville, NY (Timothy F. Hill and Lisa A. Perillo of counsel), for appellant.
Bennett & Read, LLP, Southampton, NY (John J. Bennett and Bailey C. Larkin of counsel), for respondent.

DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the Town of Shelter Island Town Board to consider or grant the petitioner/plaintiff's application for a special use permit and action for declaratory relief, the Town of Shelter Island Town Board appeals from a judgment of the Supreme Court, Suffolk County (C. Stephen Hackeling, J.), dated August 18, 2023. The judgment, insofar as appealed from, granted that branch of the petition which was in the nature of mandamus to compel the Town of Shelter Island Town Board to grant the petitioner/plaintiff's application for a special use permit and directed the Town of Shelter Island Town Board to issue the petitioner/plaintiff a special use permit upon certain conditions.
ORDERED that the appeal is dismissed, without costs or disbursements.
In June 2023, the petitioner/plaintiff (hereinafter the petitioner) commenced this hybrid proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the Town of Shelter Island Town Board (hereinafter the Board) to consider or grant the petitioner's application for a special use permit to construct a residence in excess of 5,999 square feet and action for declaratory relief. The Board failed to file an answer or other opposition to the petition/complaint. By judgment dated August 18, 2023, the Supreme Court, inter alia, granted that branch of the petition which was in the nature of mandamus to compel the Board to grant the petitioner's application and directed the Board to issue the petitioner a special use permit upon certain conditions. The Board appeals.
No appeal lies from a judgment granted upon the default of the appealing party (see CPLR 5511; Lsirowkop, LLC v Behr, 234 AD3d 951, 954; Matter of 999 Hempstead Turnpike, LLC v Board of Appeals of the Town of Hempstead, 207 AD3d 716, 718-719; Matter of Abrams v Kern, 35 AD2d 971, 972). The proper procedure for obtaining review of a judgment entered on default is to move to vacate the judgment and, if necessary, appeal from the order deciding that motion (see Matter of Louissaint v Williams, 235 AD3d 873, 873; U.S. Bank N.A. v Tenenbaum, 228 AD3d 701, 701). Thus, the appeal must be dismissed.
GENOVESI, J.P., DOWLING, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court