■ In the Matter of CARMELLA MANTELLO, Appellant, v BOARD OF ELECTIONS OF RENSSELAER COUNTY et al., Respondents. (Proceeding No. 1.) In the Matter of MARK PATTISON, Respondent, v THOMAS WADE, as Commissioner of the Rensselaer County Board of Elections, Appellant, et al., Respondents. (Proceeding No. 2.) [696 NYS2d 251] —Per Curiam. Appeal from an order of the Supreme Court (Ceresia, Jr., J.), entered September 29, 1999 in Rensselaer County, which, in two proceedings pursuant to Election Law §§ 16-102 and 16-106, dismissed the petitions for lack of subject matter jurisdiction.

A primary election was held September 14, 1999 for the Liberal Party nomination for the public office of Mayor of the City of Troy in Rensselaer County. While Mark Pattison had filed a designating petition seeking the Liberal Party nomination for Mayor, numerous write-in votes were cast in favor of Carmella Mantello pursuant to an opportunity to ballot petition having been filed. Objections were made to several ballots on behalf of both candidates.

Mantello commenced proceeding No. 1 pursuant to Election Law § 16-106 (2) and § 16-102 (2) to correct, adjust and finalize the canvass of returns for the Liberal Party nomination and to certify her as the Liberal Party candidate. Pattison commenced proceeding No. 2 seeking a judgment declaring invalid certain votes cast in favor of Mantello, directing that certain votes be opened and counted, and certifying him as the nominee of the Liberal Party. Mantello moved to strike Pattison's pleadings and further moved for an order directing respondent Thomas Wade, the Democratic Commissioner of the Board of Elections of the County of Rensselaer (hereinafter the Board), to sign and certify the canvass of returns as well as an order granting her petition. Supreme Court dismissed both proceedings on the ground that Wade's refusal to sign the canvass of votes deprived the court of subject matter jurisdiction. These appeals by Mantello and Wade ensued.

While subject matter jurisdiction is generally lacking absent

a canvass of the votes by the Board (*see, Testa v Ravitz*, 84 NY2d 893, 895),[1] we nevertheless agree with Mantello that an order is necessary compelling Wade to perform his statutory duty to sign and certify the canvass of votes (*see*, Election Law § 9-200 [1]; § 16-106 [4]; *Testa v Ravitz*, 209 AD2d 179, 180). The record indicates that the Board agrees that Mantello received 58 votes and Pattison received 54 votes; such total, however, is before the resolution of the objections on behalf of both candidates as to several votes cast or the inclusion of four unopened absentee ballots. Although Larry Bugbee, the Republican Commissioner for the Board, executed a statement of the Board totaling the votes cast, Wade refused to sign it. Wade's conduct of failing to perform his statutory duty of signing the tally statement delays the election process by precluding any review by Supreme Court in connection with the challenges to certain votes cast for each candidate. The Board is therefore directed to perform its statutory duty and sign the canvass which has been executed by Bugbee in order for the election process to proceed.[2]

With respect to Wade's appeal in proceeding No. 2, inasmuch as he was not aggrieved by the dismissal of Pattison's petition, his appeal must be dismissed (*see*, CPLR 5511; *Matter of Mac-Kay v Essenberg*, 264 AD2d 700).

Mikoll, J. P., Mercure, Yesawich Jr., Peters and Mugglin, JJ., concur. Ordered that the order is reversed, on the law and the facts, without costs, and matter remitted to the Supreme Court with directions that respondents Thomas Wade and Larry Bugbee perform their statutory duty and sign a canvass of the votes cast at the September 14, 1999 primary election for the public office of Mayor of the City of Troy as prepared by Bugbee and file a copy of said signed canvass with the Board of Elections of the County of Rensselaer in accordance with Election Law § 9-200 no later than one day from this Court's decision; should Wade and Bugbee fail to sign and file said canvass in accordance with this Court's order, they shall appear before

---

1. Given this conclusion, the parties' assertions of procedural errors warranting the dismissal of the proceedings on other grounds need not be addressed.

2. We note that counsel for Mantello essentially conceded at oral argument that the canvass prepared by Bugbee was deficient in that it failed to account for the four absentee ballots that were directed to remain unopened by the order to show cause which brought on this proceeding. We therefore direct Bugbee to prepare and sign an amended canvass reflecting these four additional ballots before presenting it to Wade for his signature.

the Supreme Court to show cause why they should not be held in contempt of court.