Matter of Amato v Sullivan (2022 NY Slip Op 07039)

Matter of Amato v Sullivan

2022 NY Slip Op 07039

Decided on December 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
LILLIAN WAN, JJ.

2022-09723
 (Index No. 724059/22)

[*1]In the Matter of Stacey G. Pheffer Amato, petitioner- respondent, 
v
Thomas P. Sullivan, appellant, et al., respondent.

DECISION & ORDER
In a proceeding pursuant to Election Law article 16, inter alia, to contest the refusal to cast certain absentee ballots tendered in a general election held on November 8, 2022, for the public office of Member of the New York State Assembly for the 23rd Assembly District, Thomas P. Sullivan appeals from a final order of the Supreme Court, Queens County (Joseph Risi, J.), entered December 6, 2022. The final order, insofar as appealed from, after a hearing, granted the petition to the extent of directing the Board of Elections in the City of New York to cast and count 94 absentee ballots that were invalidated on the basis of "Ballot Envelope Not Sealed" or "Ballot Not in Ballot Envelope."
ORDERED that the final order is modified, on the law, by deleting the provision thereof granting the petition to the extent of directing the Board of Elections in the City of New York to cast and count 94 absentee ballots that were invalidated on the basis of "Ballot Envelope Not Sealed" or "Ballot Not in Ballot Envelope," and substituting therefor a provision granting the petition to the extent of directing the Board of Elections in the City of New York to comply with Election Law § 9-209(3) by notifying each of the 94 voters whose absentee ballots were invalidated on the basis of "Ballot Envelope Not Sealed" or "Ballot Not in Ballot Envelope" of the invalidation of his or her absentee ballot, the reason for such invalidation, and the opportunity and procedure to cure the defect by filing a cure affirmation; as so modified, the final order is affirmed insofar as appealed from, without costs or disbursements.
The Board of Elections in the City of New York (hereinafter the Board) determined that 94 absentee ballots tendered in a general election held on November 8, 2022, for the public office of Member of the New York State Assembly for the 23rd Assembly District were invalid. Each of the 94 absentee ballots at issue was timely returned to the Board inside a sealed outer mailing envelope (see Election Law § 7-122[3]). Where an absentee ballot was returned inside an unsealed ballot affirmation envelope (see id. ), the Board determined that the ballot was invalid by reason of "Ballot Envelope Not Sealed." Where an absentee ballot was returned with an unsealed ballot affirmation envelope, but the ballot was not inside the ballot affirmation envelope, the Board invalidated the ballot on the basis of "Ballot Not in Ballot Envelope." The Board did not notify these 94 voters that their absentee ballots were invalid.
On November 15, 2022, Stacey G. Pheffer Amato, a candidate for the subject public office, commenced this proceeding pursuant to Election Law article 16, inter alia, to contest the refusal to cast the 94 absentee ballots. The petition requested, among other things, that the Board [*2]be directed to comply with Election Law § 9-209(3). In a final order entered December 6, 2022, the Supreme Court, following a hearing, inter alia, granted the petition to the extent of directing the Board to cast and count the 94 absentee ballots. Thomas P. Sullivan appeals.
The Election Law recognizes two categories of defective absentee ballots (see id. § 9-209, repealed and reenacted by L 2021, ch 763). Those that have a "curable defect" under Election Law § 9-209(3)(b) are curable, nunc pro tunc, upon the timely filing of a cure affirmation by the voter and the determination of the board of elections that such affirmation addresses the curable defect (see id. § 9-209[3][b]-[e]). However, where a voter submits an absentee ballot that is invalid but not curable as set forth in Election Law § 9-209(3)(h) and (i), the voter may not correct his or her invalid ballot, and must instead, "if time permits," use another option for voting or submit a new absentee ballot.
As a threshold matter, this Court must decide whether the 94 absentee ballots have a curable defect or are invalid and not curable. As relevant to the facts here, the Election Law defines a "curable defect" as including an absentee ballot that is "returned without a ballot affirmation envelope in the return envelope" (id. § 9-209[3][b][iv]). In contrast, "[i]f a ballot affirmation envelope is received by the board of elections prior to the election and is found to be completely unsealed," the ballot is invalid and not curable under the statute (id. § 9-209[3][i]). However, the regulations promulgated by the New York State Board of Elections to implement the Election Law distinguish a ballot received in an unsealed ballot affirmation envelope from a ballot that is in an unsealed ballot affirmation envelope and received in a fully sealed outer mailing envelope, and clarify that the latter "shall be treated as a ballot filed without an affirmation envelope and shall be curable by the filing of the cure affirmation" (9 NYCRR 6210.21[g][2]). Contrary to Sullivan's contention, 9 NYCRR 6210.21(g)(2) remains in effect even after the amendment to Election Law § 9-209 in 2021 (see id. § 17-202).
Here, each of the 94 absentee ballots was received by the Board with an unsealed ballot affirmation envelope inside a completely sealed outer mailing envelope. Therefore, the defects were curable under Election Law § 9-209(3)(b)-(e) (see 9 NYCRR 6210.21[g][2]). However, the Supreme Court could not properly direct that the 94 absentee ballots, which are invalid, be counted (see Election Law § 16-106[4]; Matter of People for Ferrer v Board of Elections of the City of N.Y. , 286 AD2d 783, 783).
Where an absentee ballot is determined to be invalid on the ground that it has a curable defect under Election Law § 9-209(3)(b), the statute requires the board of elections, inter alia, "to notify the voter of the deficiency and the opportunity and the process to cure the deficiency" as set forth in Election Law § 9-209(3)(d) and (e) (id. § 9-209[3][c]). Moreover, the statute contemplates the filing of an affirmation by a voter to cure the defect after election day (see id. § 9-209[3][e]).
Here, the Board failed to perform its duty under the Election Law. In a post-election proceeding as to the casting and canvassing of ballots, "[t]he court shall ensure the strict and uniform application of the election law and shall not permit or require the altering of the schedule or procedures in section 9-209 of this chapter but may direct a recanvass or the correction of an error, or the performance of any duty imposed by this chapter on such a . . . city . . . board of inspectors, or canvassers" (id. § 16-106[4]; see Matter of Mantello v Board of Elections of Rensselaer County , 265 AD2d 592, 593).
Accordingly, the Supreme Court should have granted the petition to the extent of directing the Board to comply with Election Law § 9-209(3) by notifying each of the 94 voters whose absentee ballots were invalidated on the basis of "Ballot Envelope Not Sealed" or "Ballot Not in Ballot Envelope" of the invalidation of his or her absentee ballot, the reason for such invalidation, and the opportunity and procedure to cure the defect by filing a cure affirmation (see id. § 9-209[3][c]-[e]).
DILLON, J.P., CHAMBERS, FORD and WAN, JJ., concur.
ENTER: Maria T. Fasulo
Clerk of the Court